**FIRST STATE BANK OF SAN DIEGO, Appellant,**

v.

**COUNTY OF DUVAL, Appellee.**

No. 5831.

Court of Civil Appeals of Texas, Waco.

May 31, 1978.

Rehearing Denied July 6, 1978.

Mary Joe Carroll, Conrad P. Werkenthin and E. Barham Bratton, Clark, Thomas, Winters & Shapiro, Austin, for appellant.

Gary R. Gurwitz and Charles C. Murray, Atlas, Hall, Schwarz, Mills, Gurwitz & Bland, McAllen, for appellee.

## OPINION

McDONALD, Chief Justice.

· This is an appeal by appellant Bank from $184,995.48 judgment for appellee Duval County in a usury case.

Appellee County sued appellant Bank for penalties under Article 5069–1.06 for usury allegedly charged appellee by appellant on loans.

Appellant denied that any interest was charged that was usurious.

Thereafter appellee filed motion for summary judgment for usurious interest charged and received. Such motion stated it was based on the "pleadings, deposition, attached exhibits thereto, as well as any affidavits attached thereto".

The trial court by order on December 23, 1976 held that the "depositions and exhibits on file establish as a matter of law" that interest charged by appellant on loans was usurious; rendered partial summary judgment against appellant for $111,927.78; further decreed appellee entitled to reasonable attorneys' fees against appellant "to be fixed by the court"; and set hearing for such purpose for January 20, 1977.

On February 28, 1977 the trial court rendered final judgment reciting evidence was heard to correct mathematical calculations of interest charged by appellant, on attorneys' fees, and "it appearing to the court that the depositions and exhibits on file, and the stipulations of the parties, establish as a matter of law" the existence of usury; and decreed appellee recover from appellant the sum of $110,945.40 and $12,384.92 in usury penalties, plus $61,665.16 as reasonable attorneys' fees (for a total of $184,-995.48).

Appellant Bank appeals on 5 points contending:

1) The trial court erred in granting partial summary judgment in that there is no evidence supporting the finding of usury upon which the order is based.

2) The trial court erred in granting summary judgment in that there were disputed issues of material fact as to appellant's position in the transactions involved.

3) The trial court erred in depriving appellant of its right to jury trial, and itself fixing attorneys' fees.

The partial summary judgment order states it is based on depositions and exhibits on file, and the final judgment states that it is based on "the depositions and exhibits on file, and the stipulations of the parties".

Appellee's motion for partial summary judgment attached no affidavits. The only affidavits in the record are those attached to appellant's response which refute the judgment rendered.

There is accompanying the record an instrument titled "Deposition of B. O. Goldthorn" to which is attached an envelope of papers.

The deposition reflects that it was neither sworn to nor signed by B. O. Goldthorn; and contains this statement.

"A Notary Public not being readily available, it was stipulated by counsel that the testimony of the witness could be taken without his first being duly sworn; further that the witness could later read his deposition when completed, and subscribe and swear to it before a Notary Public at that time; whereupon said witness was examined upon oral interrogatories propounded by counsel, and made answer thereto, as hereinafter contained".

The contemplated later action never occurred. Mr. Goldthorn never signed or swore to his deposition.

Hearing on the motion for summary judgment was held December 15, 1976 and order granting the partial summary judgment was signed on December 23, 1976. Hearing on the recomputation of interest charged and attorneys' fees was held on January 21, 1977 (and order entered February 28, 1977).

The "deposition" was not filed in the trial court until January 24, 1977, (3 days after the hearing).

Appellee has caused a second supplemental transcript to be brought to this court which reflects the following proceedings were had on January 21, 1977.

## EXCERPT

"MR. GURWITZ: Does the court have the original file?

THE COURT: I do not.

MR. GURWITZ: Mr. Ellzey, I assumed all along that Mr. Goldthorn's deposition was on file. It was sent to you a year ago to file it.

MR. ELLZEY: My memory fails if it is or not.

MR. GURWITZ: Can we agree that, if it is not it will be?

MR. ELLZEY: That is correct.

MR. GURWITZ: The first thing I would like to do is to offer the deposition of Barney Goldthorn as an adverse witness into the record together with all exhibits attached thereto, particularly exhibits 8 through 16, which have to do with the contract between the County and the Bank for the County to be depository, and also exhibits 18 through 22, which are the Bank's exhibits having to do with the principal amounts charged by the Bank, rate of interest charged, and the amount of interest charged daily. I think those should be in the record and I will offer those.

MR. ELLZEY: It is our position that the only proper procedure this morning is a summary judgment procedure for the purpose of entering a final judgment, making an interlocutory summary judgment appealable, at which hearing evidence is not offered and we take the position this could not properly be a trial on the merits this morning and we object, therefore to the violation of the rules of summary judgment proceeding.

THE COURT: The objection as made, will be overruled and they will be admitted. I do have copies of the exhibits".

## EXCERPT

"MR. GURWITZ: First of all, I would like to have marked and filed the original deposition of Mr. B. O. Goldthorn. It has not been signed, but Mr. Ellzey and I have agreed.

THE COURT: So agreed.

MR. ELLZEY: Yes Sir.

THE COURT: The court has had this during the time—the benefit of this deposition and exhibit during the time the court has been ruling.

MR. GURWITZ: Neither Mr. Ellzey nor I realized it actually had not been filed".

Appellant has filed its objection to the filing of the foregoing contained in the second supplemental transcript, but we have permitted it to be filed. Such second supplemental transcript reflects: 1) The agreement of counsel for appellant and appellee that the "deposition" of Mr. Goldthorn could be filed: 2) That such "deposition" was admitted by the trial court into evidence at the hearing on January 21, 1977.

The "deposition" and exhibits are the only evidence that the Bank charged usury, and what usurious interest was charged.

But the "deposition" reflects that Goldthorn was never administered an oath prior to giving his answers to questions.

Neither as summary judgment evidence on the partial summary judgment hearing on December 23, 1976 nor on the final judgment hearing on January 21, 1977 has anyone ever sworn that any statement made in the Goldthorn "deposition" or that the exhibits which are attached to it are true and correct.

■ Even though counsel agreed that the "deposition" could be "filed," since Mr. Goldthorn never swore to either his testimony or the authenticity or correctness of the exhibits, there is no evidence to support either the partial summary judgment or the final judgment. And the agreement of counsel did not waive the swearing of Mr. Goldthorn. See: *Boswell v. Handley*, S.Ct., 397 S.W.2d 213; *Graves v. Dullnig*, CCA (Eastland) NWH, 548 S.W.2d 502; *O'Byrne v. Oak Park Trust & Savings Bank*, CCA (Beaumont) NRE, 450 S.W.2d 411; *Perkins v. Crittenden*, S.Ct., 462 S.W.2d 565.

In *O'Byrne* the court said: "The unsworn deposition of Rita Jagnow Davis is incompetent to prove anything"; and in *Perkins* the court held that for purposes of summary judgment an instrument which contains an acknowledgment rather than a jurat is not an affidavit and does not purport to be a certification that the person acknowledging it swears to the truth of the matter set out.

■ The trial judge awarded appellee $61,665.16 as reasonable attorneys' fees, even though appellant had paid a jury fee and insisted on jury trial of this issue. Appellee asserts that since Article 5069–1.06 provides: "Any person who contracts for, charges or receives interest which is greater than the amount authorized by this Subtitle, shall forfeit to the obligor twice the amount of interest * * *, *and reasonable attorneys' fees fixed by the court*"; that appellant was not entitled to a jury to fix attorneys' fees.

*Gulf Paving Co. v. Lofstedt*, 144 Tex. 17, 188 S.W.2d 155 holds that generally the reasonable value of attorneys' fees is for the jury to determine. And *State v. Credit Bureau of Laredo, Inc.*, S.Ct., 530 S.W.2d 288 holds that suit to enforce civil penalties under Article 5069 is an action to which the right to trial by jury attaches. To the same effect are *Great American Reserve Insurance Company v. Britton*, S.Ct., 406 S.W.2d 901; *Reynolds Research and Manufacturing Company v. Scamardo*, CCA (Waco) NWH, 412 S.W.2d 941.

Contentions 1 through 3 are sustained. Appellee's cross point is overruled.

REVERSED & REMANDED