**Janice D. CARR, Billy Doyle Carr, and Howard Henry, Appellants,**

v.

**HERTZ CORPORATION and M.L. Dunn, d/b/a Hertz Rent-A-Car of Kingsville, Texas, Appellees.**

No. 13–86–512–CV.

Court of Appeals of Texas, Corpus Christi.

June 30, 1987.

Rehearings Denied Aug. 28, 1987.

Stephen Burkett, David Atnip, Burkett and Associates, Inc., Corpus Christi, for appellants.

M.W. Meredith, Jr., Meredith, Donnell & Abernethy, Corpus Christi, Nelson R. Sharpe, Glusing, Sharpe & Kruger, Kingsville, for appellees.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

KENNEDY, Justice.

The appellants brought suit against Joseph Scramuzza and the appellees for breach of contract, negligence and negligent entrustment. Additionally, the appellants alleged that the breach of contract by the appellees constituted a violation of the Texas Insurance Code and the Deceptive Trade Practices Act. The basis for these claims was an automobile accident involving Scramuzza and the appellants. Both appellees filed separate motions for summary judgment, which the trial court granted. The appellants' causes of action against the appellees were severed from the appellants' claims against Scramuzza. Appellants bring twelve points of error.

The first matter this Court will address involves the summary judgment evidence that was before the trial court. The only summary judgment evidence before the trial court was the affidavit of Jenny C. Bunch and the copy of the rental agreement form attached to her affidavit as exhibit "A". Appellant Hertz Corporation sought leave of this Court to file a supple- mental transcript consisting of the depositions of M.L. Dunn and Michael J. Scramuzza. Although this Court granted the motion to file a supplemental transcript, a supplemental transcript was never filed with this Court.[1]

■ Further, appellee M.L. Dunn attached portions of the deposition testimony of Scramuzza to his motion for summary judgment and the appellants attached similar portions of the deposition testimony of Scramuzza and Dunn to their responses to the motions for summary judgment. However, these portions of deposition testimony do not reflect whether Scramuzza and Dunn were under oath upon giving their testimony. The unsworn deposition testimony does not constitute summary judgment evidence. *First State Bank v. County of Duval,* 567 S.W.2d 271, 273 (Tex.Civ. App.—Waco 1978, writ ref'd n.r.e.).

■ Attached to the appellants' responses to the motions for summary judgment are the affidavits of appellants' attorney. An affidavit must affirmatively show how the affiant became personally familiar with the facts *so as to be able to testify as a witness,* and a self-serving recitation of such does not satisfy the requirement. *Jackson T. Fulgham Co. v. Stewart Title Guaranty Co.,* 649 S.W.2d 128, 130 (Tex. App.—Dallas 1983, writ ref'd n.r.e.). The attorney's affidavit states:

I am over the age of 21 years and am fully competent and able to testify in this cause. As attorney-of-record for the Plaintiffs, Janice Carr, Billy Doyle Carr, and Howard Henry, I am fully aware and cognizant of all facts put forth in Plaintiff's Response to Defendant's Motion for Summary Judgment and hereby swear that all the facts are true and correct.

Except as to attorney's fees, this affidavit does not show how the affiant is a competent witness to testify regarding the

---

1. It appears that, although the parties at the summary judgment hearing agreed these two depositions would be filed, the depositions were never filed in the trial court. Appellant Hertz Corporation attached copies of the depositions to its motion to supplement the transcript, but, as we informed them by letter of March 25, 1987, these do not conform to the requirements of a supplemental transcript since they were never filed in the trial court.

negligent entrustment of the vehicle, negligence of the appellees, or the breach of the rental agreement. Therefore, this affidavit is ineffectual to oppose a motion for summary judgment, except as to attorney's fees. *See Wells Fargo Construction Co. v. Bank of Woodlake*, 645 S.W.2d 913, 914 (Tex.App.—Tyler 1983, no writ).

Finally, we address a document attached to appellants' response entitled "Driving Record of Michal (sic) J. Scramuzza," which is simply a typed list of traffic violations. This document is not sworn, verified, or supported by any affidavit; therefore, it is not entitled to consideration as summary judgment evidence. *State v. Easley*, 404 S.W.2d 296, 297 (Tex.1966); Tex.R.Civ.P. 166–A(e).

Appellants, by their first and seventh points of error, complain that the trial court erred in granting summary judgment because the appellees failed to disprove any element of appellants' cause of action for breach of contract. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Ortiz v. Spann*, 671 S.W.2d 909, 910 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.).

Appellants pleaded in their petition that the appellees were liable for payment under the insurance coverage because the insurance carrier went into receivership after the accident occurred. The failure to pay is appellants' basis for a breach of contract. The rental agreement provided, "Lessor provides liability coverage for Customer and any operator authorized by Lessor in accordance with the standard provisions of a Basic Automobile Liability Insurance Policy...."

The Supreme Court, in *Sherman Simon Enterprises v. Lorac Service Corp.*, 724 S.W.2d 13, 16 (Tex.1987), held that this language only means that the appellees would provide coverage, and the existence of the insurance policy, in effect at the time of the car rental, establishes that appellees did in fact fulfill their obligation. Therefore, the trial court properly rendered a summary judgment against the appellants on their breach of contract cause of action. We overrule appellants' first and seventh points of error.

Appellants, by their remaining points of error, complain that the trial court erred in rendering a summary judgment against appellants on their negligence and negligent entrustment causes of action.

Again, the only summary judgment evidence is the rental agreement and Jenny Bunch's affidavit. Bunch's affidavit merely states that she works for M.L. Dunn and that she rented a car to Scramuzza upon the production of a valid driver's license.

In *Williams v. Steves Industries*, 699 S.W.2d 570, 571 (Tex.1985), the Court outlined the elements of negligent entrustment: (1) entrustment of a vehicle by the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) that the owner knew or should have known to be unlicensed, incompetent, or reckless; (4) that the driver was negligent on the occasion in question; and (5) that the driver's negligence proximately caused the accident. None of the defendants-appellees' summary judgment evidence addressed any of these issues.

Likewise, the defendants-appellees' summary judgment evidence does not address the appellants' allegations of negligence. Appellants allege seven acts of negligence, which involve the appellees' screening process, or lack thereof, in renting an automobile. As such, we sustain the appellants' remaining points of error.

We affirm the judgment of the trial court in granting a summary judgment against appellants on their cause of action for breach of contract. However, we reverse the judgment of the trial court in granting a summary judgment against the appellants on their causes of action for negligence and negligent entrustment, and remand for a trial.