**SYNTAX, INC., Appellant,**

v.

**John L. HALL, Sr., Steve Ray Kasprzak, Klein Independent School District, and Harris County, Texas, Appellees.**

No. 01–93–00581–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 21, 1994.

Rehearing Denied July 14, 1994.

Stephen N. Riner, Houston, for appellant.

Joseph D. Harwood, Houston, for John L. Hall.

F. James Winderlich, Houston, for Klein ISD.

Barbara Toby Baruch, Houston, for Harris County.

Before DUGGAN, HEDGES and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

Appellant, Syntax, Inc., appeals a final judgment rendered on two orders granting summary judgments. We affirm.

### Facts

On February 8, 1988, appellees, Klein Independent School District (KISD) and Harris County, secured a judgment against Verna Neal for delinquent real property taxes and for foreclosure of their lien on Neal's property (the Property). KISD purchased the Property at a public sale.

On April 20, 1991, KISD conducted a public sale of the Property, at which John L. Hall, Sr. and Steve Ray Kasprzak purchased the Property. KISD conveyed the Property to Hall and Kasprzak by special warranty deed dated May 13, 1991. On May 18, 1991, five days after KISD executed the deed to Hall and Kasprzak, Neal executed a deed to Syntax conveying property with the exact description and metes and bounds as the Property conveyed to Hall and Kasprzak. This deed was filed after Hall and Kasprzak filed their deed. Hall and Kasprzak filed suit against Syntax, KISD, and Harris County to remove the "cloud on title" created by Syntax' deed. In turn, Syntax filed counterclaims and third party claims against Hall, Kasprzak, KISD, and Harris County.

Hall and Kasprzak and Harris County filed two motions for summary judgment. The trial court signed two orders granting the motions for summary judgment made by Harris County and by Hall and Kasprzak. On May 10, 1993, the trial court entered final judgment as to all parties and claims.

## Standard of review

Summary judgment is proper only when a movant establishes that no genuine issue of material fact exists, and that it is entitled to judgment as a matter of law. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). A movant is entitled to summary judgment if the movant proves as a matter of law all the essential elements of its cause of action. *Clear Creek Basin Auth.*, 589 S.W.2d at 678. A movant is also entitled to summary judgment if the movant disproves the facts of at least one element of its opponent's cause of action. *Lear Siegler*, 819 S.W.2d at 471. In reviewing a summary judgment, we must resolve all doubts against the movant and view the evidence in the light most favorable to the nonmovants. *Id.*

## Affidavits and personal knowledge

In point of error nine, Syntax complains that the trial court erred in granting summary judgment to Hall and Kasprzak because Joseph D. Harwood, Hall and Kasprzak's attorney, did not have personal knowledge of the facts stated in his affidavit; in point of error 10, Syntax complains Harwood's affidavit attempts to establish facts in the case in violation of Tex.Disciplinary Rules of Prof.Conduct, Rule 3.08 (1989), which forbids attorneys from testifying under certain circumstances.

A party must object in writing to the form of summary judgment evidence and place the objections before the trial court or it will waive its objection. *Grand Prairie Indep. School Dist. v. Vaughan*, 792 S.W.2d 944, 945 (Tex.1990). Syntax did not complain to the trial court that Harwood's affidavit violated rule 3.08; therefore, Syntax has waived this objection to Harwood's affidavit.

An affidavit supporting a motion for summary judgment must show how the affiant became personally familiar with the facts to be able to testify as a witness. *Radio Station KSCS v. Jennings*, 750 S.W.2d 760, 762 (Tex.1988). Syntax cites *Carr v. Hertz Corp.*, 737 S.W.2d 12, 13 (Tex.App.— Corpus Christi 1987, no writ), in support of its argument that Harwood's affidavit is not competent summary judgment evidence. In *Carr*, the attorney's affidavit, attached to a response to a motion for summary judgment, was not competent evidence because it merely recited that the attorney was aware of the facts stated in the response and that the facts were true and correct. *Id.* The court held the affidavit incompetent, except as to attorney's fees, because the affidavit did not show how the affiant was competent to testify regarding the negligence causes of action that were the subject of the lawsuit.

We find *Carr* distinguishable. Harwood's affidavit states:

> My name is Joseph D. Harwood. I am an attorney licensed to practice in the State of Texas, and I have personal knowledge of the facts stated herein. My knowledge was gained through my representation of John L. Hall, Sr. and Steve Ray Kasprzak, plaintiffs in the above-styled and numbered cause, in this matter and in Cause No. 91–53811 in the 281st Judicial District Court or [sic] Harris County, and through my examination of the Court's file in Cause No. 86–29411, also in the 281st Judicial District Court.

Attached to Harwood's affidavit are certified copies of all documents relevant to the acquisition, sale, and conveyance of the Property, and the vast majority of his testimony in his affidavit concerns these documents. The statement in Harwood's affidavit that he acquired personal knowledge of the facts in his affidavit from examining court records is sufficient to show how he obtained personal knowledge of the facts. Even if we exclude certain testimony in Harwood's affidavit, the properly authenticated documents attached to the affidavit speak for themselves and are proper summary judgment evidence. *Republic Nat'l Leasing Corp. v. Schindler*, 717 S.W.2d 606, 607 (Tex.1986); *Coleman v. Lumbermens Mut. Cas. Co.*, 786 S.W.2d 445, 447 (Tex.App.—Houston [1st Dist.] 1990, writ denied).

We overrule points of error nine and 10.

## Factual issues

Syntax contends that the trial court erred in granting summary judgment in favor of

Hall and Kasprzak because the following fact issues remain in the case: (1) the tax suit brought by KISD and Harris County in cause number 86–29411 did not involve the Property but involved "tract 3A–6," property owned instead by Alton Hildebrandt; (2) the judgment in cause number 86–29411 did not incorporate the metes and bounds of the Property; (3) the tax sale held on May 3, 1988 did not involve the Property but instead involved tract 3A–6; and (4) KISD sold tract 3A–6 to Hall and Kasprzak and not the Property. However, a review of the competent summary judgment evidence shows that the Property conveyed to Hall and Kasprzak is the same property involved in the tax suit and sale and that title to the Property, formerly owned by Neal, is held by Hall and Kasprzak.

### a. Neal's general warranty deed

On February 2, 1976, Neal filed for record a general warranty deed conveying to her 28.381 acres of land. Neal's deed states that (1) Winnie Vogt and her three children, Alton Hildebrandt, Yvonne Balloun, and Verna Neal, own 101.303 acres of land originally conveyed to Winnie Vogt and her deceased husband, H.J. Hildebrandt, (2) H.J. Hildebrandt died intestate, and (3) Winnie Vogt and her three children desire to divide and partition the 101.303 acres of land. The deed states that the parties wish to divide the land into four tracts as follows:

Tract one: 15.00 acres to Winnie Vogt

Tract two: 28.381 acres to Alton Hildebrandt and wife

Tract three: 28.381 acres to Yvonne Balloun

Tract four: 28.381 acres to Verna Neal

The deed then conveys tract four to Verna Neal, which is described as:

All that certain tract or parcel of land siutated [sic] in the James McGee Survey, A–554, Harris County, Texas, being part of the 101.303 acre tract conveyed by J.C. Hildebrandt to H.J. Hildebrandt by deed dated April 18, 1946, and recorded in Vol. 1437, Page 498, of the Deed Records of Harris County, Texas, the tract herein described being more particularly described as follows:

Immediately following this description in the deed are the metes and bounds for the property conveyed to Neal. The deed contains the Harris County Clerk's film code number *134–16–2203.*

### b. 1988 Judgment

On February 8, 1988, the trial judge in the 281st District Court signed a judgment in favor of KISD and Harris County and against Neal. The judgment states that KISD shall recover from Neal $33,647.10 for taxes, penalties, and interest owed on real property owned by Neal for 1975–1986, attorney's fees, and other costs. The judgment states that Harris County shall recover $4,895.69 for taxes, penalties, and interest owed on real property owned by Neal for 1983–1985 and 1987 and attorney's fees. The judgment also granted KISD and Harris County judicial foreclosure of Neal's real property. The judgment states that the property is described as follows:

Tract 3A–6 in the James McGee Survey, Abstract 554, containing 28.831 acres of land in Harris County, Texas, and being more particularly described in a Deed filed for record under County Clerk's Film Code No. *134–16–2203,* Official Public Records of Real Property of Harris County, Texas.

(Emphasis added.) The deed filed under County Clerk's film code number *134–16–2203* is the deed conveying Neal title to the property through a general warranty deed, dated January 27, 1976. The deed does not designate the Property as "tract 3A–6" or as any other tract number. The tract 3A–6 designation is the portion of the property description in the judgment contested by Syntax.

### c. Deed to KISD

A writ of execution was issued on the 1988 judgment on March 21, 1988. The Property was sold at a public sale on May 3, 1988 and conveyed to KISD by deed dated October 10, 1988, recorded under Harris County Clerk's film code number 130–78–0603. The Property was sold to KISD for the interest, taxes, and costs and the additional sum of $156.26. The property description in the deed to

KISD is the same property description found in the 1988 judgment.

### d. Deed to Hall and Kasprzak

On April 20, 1991, KISD conducted a public sale of the Property. Hall and Kasprzak were the successful bidders at the sale. KISD conveyed the Property to Hall and Kasprzak by special warranty deed dated May 13, 1991, and filed for record on May 23, 1991, under Harris County Clerk's film code number 035–02–1770. The property description found in this deed is the same description found in the deed to KISD and in the 1988 judgment. Additionally, this deed contains the metes and bounds description for the Property. The metes and bounds description in Hall and Kasprzak's deed is the same as the metes and bounds description found in the deed originally conveying the Property to Verna Neal.

### e. Controverting summary judgment evidence

The fact issues that Syntax contends exist all stem from its claim that the wrong property was the subject of the tax suit, the 1988 judgment, the tax sale, and the sale to Hall and Kasprzak. Syntax bases its claim on a tract number assigned to the Property in the 1988 judgment. In its response to summary judgment, Syntax offered the deposition testimony of Allan Mielsch, tax assessor for KISD, to show that tract 3A–6, which was conveyed to KISD and eventually to Hall and Kasprzak, was not the property owned by Verna Neal. The deposition testimony does not support Syntax's contention.

Mielsch testified that before 1984, Verna Neal's property was identified as tract 3A–4 by KISD; in 1984, KISD changed its record system to conform to Harris County Appraisal District's account system. Harris County tax roll used tract number 3A–6 to identify the property formerly identified by KISD as 3A–4; the tract numbers used as reference numbers to identify property are assigned by Harris County Appraisal District and before 1984, tract numbers were also assigned by KISD. Harris County used account number 043–220–000–0020 to refer to tract 3A–6. Tract 3A–6 is referred to as property formerly owned by Neal; the 1991 tax roll shows the owners of the property referred to as tract 3A–6 under account number 043–220–000–0020 as Hall and Kasprzak.

Mielsch's testimony does not controvert any summary judgment evidence that established the chain of title of the Property from Neal to Klein and later to Hall and Kasprzak. His testimony shows that account numbers and tract reference numbers are used by KISD and Harris County to identify certain property. Syntax argues that Neal's property was not tract 3A–6 even though the evidence attached to its response to summary judgment proves otherwise. Syntax contends the owner of property bearing account number 043–220–000–0020 on tract 3A–6 was delinquent in taxes, but that the owner of the property was not Neal. Syntax contends Neal conveyed tracts 3A–5 and 10 to it, and that tracts 3A–5 and 10 were owned by Neal. Syntax's assertions that Neal's name was erroneously placed on account number 043–220–000–0020 and that she was not the owner of tract 3A–6 are not supported by any evidence. Syntax provided no controverting evidence to the trial court that KISD and Harris County had the wrong property owner on the delinquent tax account.

More importantly, the tax reference numbers do not affect the legal description of property in deeds filed for record. The 1988 judgment refers to the Harris County tract number 3A–6 in its description of Verna Neal's property. However, the judgment also refers to the property described in the deed filed under Harris County Clerk's film code number *134–16–2203* to describe Neal's property. The property described in the deed with film code number *134–16–2203* is the property conveyed to Verna Neal in 1976. Mielsch's deposition testimony and the exhibits attached to it do not create a fact issue regarding the Property and its chain of title. The Property is the subject of the tax suit and sale to KISD and later sale to Hall and Kasprzak.[1]

We overrule points of error one and four.

---

1. To the extent Syntax is complaining of the

description found in the 1988 judgment, its com-

### Propriety of the constable's sale

Syntax contends that the trial court improperly granted summary judgment because it had claims regarding the propriety of the constable's sale. Harris County moved for judgment on Syntax's claim that the tax sale was void because the constable did not make any bid on behalf of KISD and because there were irregularities in the sale coupled with an unreasonably low sales price on the Property. In support of its motion, Harris County attached the deposition of Lieutenant Ken Chandler, the constable's deputy who sold the Property at a public auction to KISD. Also attached to the deposition are the following exhibits: the writ of execution directing the constable to sell the Property, the deed under order of sale to KISD, the constable's notice of sale, and the fact sheet on the Property at the time of sale. Lt. Chandler testified that there was no outside bidder on the Property, he bid the property for KISD, and he struck the property off to KISD for $43,024.81. Chandler also testified that there was nothing unusual about the sale of the Property and that he has the amount of the taxing authority's bid before a sale begins.

This summary judgment evidence shows that Chandler made a bid on behalf of KISD; there were no outside bidders. Chandler could not recall any irregularity in the sale. The Property was sold to KISD for the amount of the minimum bid of $43,024.81.[2] Moreover, the sale was conducted according to TEX.TAX.CODE § 34.01, which mandates the manner in which property foreclosed under a tax lien be sold. The procedure used by Chandler is the procedure outlined in section 34.01. Syntax did not produce any controverting evidence to support its claim. We find that the evidence supporting Harris County's motion for final judgment establishes that no genuine issue of material fact exists on Syntax's claim. *Lear Siegler*, 819 S.W.2d at 471.

We overrule point of error five.

### Points of error two, six, and seven

The trial court granted Harris County's summary judgment against all claims and defenses of Syntax that were in the nature of a bill of review or collateral attack on the 1988 judgment. Syntax contends the trial court erred in granting Harris County's summary judgment because (1) Hall, Kasprzak, KISD, and Harris County, not Syntax, are attacking the 1988 judgment, and (2) if the 1988 judgment affects tracts 3A–5 and 10, then the 1988 judgment is void because it does not contain a sufficient description and, therefore, can be collaterally attacked at any time.

First, Syntax is wrong to assert that it is not the party attacking the 1988 judgment. Syntax is the *only* party with pleadings complaining of the 1988 judgment; therefore, this argument is without merit. Next, Syntax argues that because the description of the Property in the 1988 judgment is insufficient, the judgment is void and subject to collateral attack. We find this contention is also without merit.

Unless a judgment of a court of general jurisdiction is void, it is not subject to collateral attack in another court of equal jurisdiction. *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex.1985). A trial court's judgment is void only if the court had no jurisdiction over the parties or the property, no jurisdiction over the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act as a court. *Id.* All errors other than jurisdictional deficiencies render the judgment merely voidable, and such errors must be corrected on direct attack. *Id.* When the time for direct attack by appeal has elapsed, a bill of review in the court rendering the initial judgment is the exclusive remedy to attack the judgment. *Id.*

Syntax contends that the 1988 judgment is void because the property description is insufficient. Syntax's complaint is not jurisdictional, and its contention that the judgment

plaint will be addressed under points of error two, six, and seven.

2. Syntax is wrong when it asserts that the property was sold for only $156.26. This amount was an additional amount assessed against KISD as buyer and represented costs.

is void is wrong. Syntax, therefore, cannot collaterally attack the 1988 judgment rendered in the 281st District Court, and summary judgment was properly granted. *Id.* Summary judgment was also properly granted on any bill of review brought by Syntax.[3] A bill of review attacking the 1988 judgment must be brought in the court that rendered the judgment. *Id.*

### Claim for excess proceeds

In its counterclaim, Syntax alleged that it was entitled to the excess proceeds of the sale from KISD to Hall and Kasprzak. Syntax claims a right to any proceeds by virtue of an assignment of interest to it from Neal. On appeal, Syntax contends that the trial court erred in granting Harris County's motion for final judgment because Syntax's claim under TEX.TAX.CODE §§ 34.02, 32.05 was not addressed in the motion for final judgment.

A taxing unit is authorized to bid for the property sold at a tax sale. Section 34.01, "Sale of Property," governs the title the taxing unit takes when the property is "bid off to a taxing unit." That section states in part:

(c) If a sufficient bid is not received, the officer making the sale shall bid the property off to a taxing unit.... The taxing unit takes title to the property for the use and benefit of itself and all other taxing units that established tax liens in the suit. The *taxing unit's title includes all the interest owned by the defendant,* including the defendant's right to the use and possession of the property, *subject only to the defendant's right of redemption.*

Under this section, when KISD bought the Property it took full title to it, subject only to the owner's right of redemption. Syntax is not claiming a right of redemption to the Property; it is claiming a right to the excess proceeds.

A taxing unit is authorized to resell property it purchases at a foreclosure sale. Section 34.05, "Resale by Taxing Unit" states in part:

(a) If property is sold to a taxing unit that is a party to the judgment, the taxing unit may sell the property at any time, *subject to any right of redemption* existing at the time of the sale.

Again, the only limitation to KISD's title after the foreclosure sale was the owner's right of redemption. The only right Syntax (through its predecessor in title) had was a right of redemption, not a right to excess proceeds. Nothing in section 34.05 would permit Syntax to claim the excess proceeds.

Section 34.06, "Distribution of Proceeds Of Resale," addresses the distribution of excess funds after a taxing unit resells property purchased at a tax foreclosure sale. Section 34.06 provides:

(a) The proceeds of a resale of property purchased by a taxing unit at a tax foreclosure sale shall be paid to the purchasing unit.

(b) The purchasing taxing unit shall pay all costs and expenses of court and sale and shall distribute the remainder of the proceeds as provided by Section 34.02 of this code for distribution of proceeds after payment of costs.

Syntax believes that section 34.02(c) grants it rights to the excess proceeds. Section 34.02, "Distribution of Proceeds" states in part:

(a) The proceeds of a tax sale shall be applied first to the payment of costs. The remainder shall be distributed to all taxing units participating in the sale in satisfaction of the taxes, penalties, and interest due each.

(c) If the sale is pursuant to foreclosure of a tax lien, the officer conducting the sale shall pay any excess proceeds after payment of all costs and of all taxes, penalties, and interest due all participants in the sale to the clerk of the court issuing the order of sale.

Syntax contends section 34.02(c) applies to the resale of the property by KISD to Hall and Kasprzak in which excess proceeds were received by KISD. We disagree with Syn-

---

**3.** We note that in its response to Harris County's motion for summary judgment, Syntax denied bringing a bill of review in this case.

tax's analysis of the Tax Code. The distribution of funds after the resale was not governed by subsection (c). That subsection only addresses the excess proceeds from the initial sale at the tax foreclosure sale, not a later resale.

The summary judgment evidence shows that the Property was purchased for costs and the amount of the judgment in favor of Harris County and KISD. There were no excess proceeds from the constable's sale; therefore, section 34.02(c), on which Syntax bases its claim for excess proceeds, provides it with no relief in this case.

■ Harris County's motion for summary judgment alleged, among other things, that the Property was sold to KISD as the judgment creditor under a writ issued in cause number 86–29411; Syntax purchased the property from Neal after it was sold at the tax sale to KISD; Neal did not own the property at the time she conveyed it to Syntax; Syntax could only obtain from Neal whatever right she had in the Property at the time she sold it to Syntax.

In the summary judgment, the trial court found, among other things, that the tax sale vested title to the Property in KISD, subject to "Verna Neal's right of redemption," that "Verna Neal did not exercise her right of redemption," and that "Verna Neal lost all claims" to the Property.

As we stated earlier, once the Property was "bid off" to KISD at the first tax sale, Neal's only right was to redeem the Property. If she transferred anything to Syntax, it was her right to redeem the Property. Syntax has never attempted to redeem the Property.

Syntax claims that we should reverse and remand the issue of its claim to excess proceeds of the resale because the motion for summary judgment did not specifically address its claim to the proceeds. We disagree. The motion addressed the rights that Neal had after the first tax sale, and stated that Syntax acquired only the rights she had. The law is clear that she had only a right to redeem the Property; Syntax has never argued that it attempted to redeem the Property. The summary judgment granted only the claims asserted in the motion for summary judgment: that Neal did not have any ownership rights to the Property when she conveyed it to Syntax.

We overrule point of error eight.

We affirm the trial court's judgment.