NUMBER 13-05-154-CV


 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


SHAWN W. ANDERSON, AS INDEPENDENT

ADMINISTRATRIX OF THE ESTATE OF

FRANCIS WALKER, DECEASED, Appellant,


v.


TEXAS TELEVISION, INC., D/B/A 

MCKINNON BROADCASTING CO., ET AL., Appellees.

 


On appeal from the 148th District Court of Nueces County, Texas


 


MEMORANDUM OPINION



Before Justices Hinojosa, Rodriguez, and Garza


Memorandum Opinion by Justice Garza


 

Appellant sued appellees, asserting causes of action for (1) fraud, (2) statutory
fraud, (3) breach of fiduciary duties, and (4) civil conspiracy. Appellees filed a motion for
summary judgment, raising, among other things, no-evidence challenges to the injury
element of each cause of action asserted by appellant. See Tex. R. Civ. P. 166a(i). 
Without specifying the grounds for its ruling, the trial court granted appellees' motion and
subsequently entered a take-nothing judgment against appellant on all claims. We
overrule appellant's sole issue on appeal, which contends that the trial court erred by
granting summary judgment. 

We need not expressly address each of appellant's various grounds for attacking
the summary judgment to hold that it was proper because appellant failed to carry her
burden of overcoming the no-evidence grounds implicating the common element of injury. 
See Tex. R. App. P. 47.1; Jones v. Ray Ins. Agency, 59 S.W.3d 739, 744 (Tex.
App.--Corpus Christi 2001, pet. denied). ("[Because] the trial court did not state the
specific grounds for its ruling . . . we will affirm if any of the theories advanced in the motion
for summary judgment are meritorious."). 

Appellant's written response identified her injury as economic loss stemming from
her receipt of "less than fair value" for 60 shares in appellee Texas Television, Inc. The
stock sale was a result of a 61 to 1 reverse stock-split, which triggered a mandatory buyout
of appellant's remaining fractional share in the company. As evidence that the stock was
undervalued at the time of sale and that she was therefore injured by receiving "less than
fair value," appellant attached to her response a letter to appellant's attorney from Bryan
Barns, a former television station owner, operator, consultant, and broker, in which Barns
concludes, based on his experience and knowledge, that one of the television stations
owned by appellee Texas Television was undervalued prior to the reverse stock split which
divested appellant of ownership. Appellant also attached deposition testimony of James
Gillece, Texas Television's chief financial officer, in which Gillece described the cash-flow
valuation method used by an independent accountant hired by Texas Television prior to
the stock split. 

 We conclude that appellant did not meet her burden of producing evidence of injury
because (1) the letter from Barns to appellant's attorney was not sworn, verified, or
supported by an affidavit and therefore is no evidence, see Carr v. Hertz Corp., 737
S.W.2d 12, 14 (Tex. App.--Corpus Christi 1987, no writ) ("This document is not sworn,
verified, or supported by any affidavit; therefore, it is not entitled to consideration as
summary judgment evidence."); (1) and (2) there is a complete absence of a vital fact as to
appellant's allegation that the stock was under-valued, given that the deposition testimony
of Gillece merely described the valuation approach used by the independent accountant
prior to the stock split as being consistent with the company's previous audits and
prevailing industry standards, see City of Keller v. Wilson, 168 S.W.3d 802, 810 (Tex.
2005) (approving no-evidence ground based on "complete absence of evidence of a vital
fact"). 

 There being no additional evidence of injury offered in the written response filed by
appellant, we have no basis for overturning the trial court's determination that summary
judgment was proper based on the foregoing no-evidence grounds. Accordingly,
appellant's issue is overruled.



 The judgment of the trial court is affirmed. 


 

 ________________________ DORI CONTRERAS GARZA, 

 JUSTICE

 

 Memorandum Opinion delivered and 

 filed this the 31st day of August, 2006. 






















 
1. 
 
 - 
 - - --