ACCEPTED
07-15-00141-CV
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
6/29/2015 5:00:25 PM
Vivian Long, Clerk

Case no. 07-15-00141-CV

Joseph E. McClain, III

IN THE COURT OF APPEALS Appellate

7th DISTRICT OF TEXAS

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
6/29/2015 5:00:25 PM
VIVIAN LONG
CLERK

v. Dell, Inc., Seaton corp. d.b.a Staff Management, Michael golden, Edward Smith
Appellees

--------------------------------------------------------------------------------------------

From the Third District Court of Appeals, case no. 03-15-00138-CV and the126TH District Court for Travis County, Cause No. D-1-gn-1400-5063, Honorable Darlene Byrnes        -------------------------------
-------------------------------------------------------------- -----------------------------------------------------------------------------
---------------

APPELLANT'S BRIEF

-----------------------------------------------------------------------------------------------------------

Joseph E. McClain, III,
Pro se

Austin, Texas, 78757
Homeless
josephmcclain2003@yahoo.com
email

IDENTITY OF PARTIES AND COUNSEL

Relator:  Joseph E. McClain, III

Austin, Texas 78757 (Homeless)

josephmcclain2003@yahoo.com                                                email

The Honorable Darlene Byrne 126th Civil District Court
1000 Guadalupe, 4th floor, Austin, TX 78701

Phone:  (512) 854-9313 Fax:  (512) 854-9332

The Honorable tim Sulak, 353rd Civil District Court
1000 Guadalupe, 5th floor Austin, TX 78701

Phone:  (512) 854-9380 Fax:  (512) 854-9332

 Real party #1:  Dell, Inc.                                          One Dell Way,
Round Rock Texas, 78682  Michael S. Dell, CEO

Attorney for R.P. #1:  Michael Golden & Jason boulette
2801 Via Fortuna, Suite 530                                          Austin, TX 78746
Tele: (512) 732-8900, Fax:  (512) 732-8905

Real party  #2:  Seaton Corp. d.b.a. Staff Management  Patrick Behrelle, CEO
860 West Evergreen Avenue

Chicago, IL 60642                                          Toll-free: 888-
SEATONCORP

Phone: 312-915-0700

Fax: 312-915-0146

Real party #3  Michael Golden 2801 Via Fortuna, Suite 530
Austin, TX 78746                              Tele: (512) 732-8900, Fax:  (512) 732-8905

Real party #4  Edward M. 'Ted' Smith,                                                              1607
West Avenue Austin, Texas 78701                                        Ph.(512) 328 1540
(512) 328 1541 Fax                    tsmith@cornellsmith.com

TABLE OF CONTENTS

P.2……….Identities of Parties and Counsel

P3………..index of Authorities

P.4……….Statement of the Case

P…………..Issue's Presented

        Issue #1. ORDER:   Incorrect Records

P…………..Statement of Facts                                        P………..Summary of
Argument

P………..Argument

P………..Prayer

Issue #2. ORDER:   Incorrect Records

P…………..Statement of Facts                                        P………..Summary of
Argument

P………..Argument

P………...Prayer

INDEX OF AUTHORITIES

P.17………………………………………………………………………………… See Carr v. Hertz Corp., 737 S.W.2d 12, 13 (Tex.App.—Corpus Christi 1987, no writ).

P.16……………………………………………………………………………….. 363 S.W.2d 230 (1962)363 S.W.2d 230 (1962), 791 S.W.2d 254 (1990) Richard KOTZUR, et al., Appellants, v. Walter KELLY, Appellee. Court of Appeals of Texas, Corpus Christi. May 24, 1990.

P. 10.............................................................................................................. Hass, 216 U.S. at 479-480. In Hammerschmidt, Chief Justice Taft, defined "defraud" as follows:

P.11...............................................................................................................Hammerschmidt, 265 U.S. at 188.

Jackson v. Textron Fin. Corp. (Tex.App. – Houston [14th Dist.] Apr. 14, 2009)(Boyce)

(no answer default judgment reversed, answer was on file, general vs. sworn denial and

counterclaim)P.17 ...................................................................................................... Id. at 1305-06. A recent federal court ruling in Texas similarly demonstrates this pitfall. Schelsteder v. Montgomery County, Tex., 2006 WL 1117883, at *3 (S.D. Tex. 2006). In Schelsteder, the court held that statements that merely bear the signature of a notary, as were proffered by the plaintiffs, constitute neither affidavits nor sworn statements appropriate for the court's consideration upon the defendant's motion for summary judgment. The court rejected the plaintiffs' submissions as proper evidence, holding: Plaintiffs have filed a number of witness statements that Plaintiffs' counsel characterize as "affidavits," but they are not sworn to nor are they statements made under penalty of perjury. The mere signing of a statement in the presence of a notary, or a notary's placement of an "acknowledgment" on a statement, does not constitute a sworn statement or affidavit. … Accordingly, the [statements] do not constitute summary judgment evidence under [Rule 56(c)], and are not considered on the pending motion

P.10............................................................................................ Walker v. Packer, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding)

Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. Walker v. Packer, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding); see In re Columbia Med. Ctr. of Las Colinas Subsidiary, L.P., 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding). It is the relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief.

Walker, 827 S.W.2d at 837; In re Pilgrim's Pride Corp., 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); see Tex. R. App. P. 52.3, 52.7.

STATEMENT OF THE CASE

The plaintiff's Original Petition for Fraudulent claim's under T.R.C.P.C chapter 12.00/Theft Liability under 134.003 was for damages from the defendants having filed a fraudulent claim for summary judgment under T.R.C.P. 91a lack of evidence and a claim for attorney's fees.

The defendants had been served by email 3 times prior to notice of hearing after which they failed to appear. Having been served notice of petition four times, failing to appear at a hearing on December 23, 2014, The Honorable judge Orlinda Naranjo of the 419th judicial district court of Travis County Texas presided. The hearing was for contesting the constitutionality of a statute 91a Lack of Evidence/Motion to stay judgment under T.r.c.P.C. 65.0014, and Motion for Mandatory Judicial Notice of Facts. The trial court alleged, "it had no record of service on file". I served the defendants Dell, and Seaton Corp., by constable and they answered January 12, 2015 with a defective affidavit/non-existent.

I amended my petition, January 30, 2015 4 days before the hearing of February 03, 2015. when they failed to motion for leave of court to amend their motion and having never amended their motion, alleged they had grounds for sanctions and charged me ATTORNEY'S FEES and had me declared a vexatious litigant, the trial court having my case dismissed under T.R.C.P. 91a 'Lack of Evidence.'

the docket had been called and the defendants did not answer. The trial court refused to hear the motion for judicial notice alleging the court had no record of notice of service. The defendants were served again with the precinct 5 constable service. The parties had not included Mr. Smith being represented by Mr. golden. they answered on the 12th of January 2015. No affidavit/or defective affidavit. I amended my petition pursuant to the T.R.C.P. 91a 6, and rule 59.

It is conspiracy against the rights of an individual refusing to hear a motion on judicial facts or a motion to stay, a motion for default judgment any motion to hear the evidence under Texas rules of Evidence 102, 103 states the purpose. It is a violation of the U.S. constitution 5th and 14th amendment, It is a violation of the Texas Constitution's Art. 1 sec 28 Which allows "only the Legislature has the authority to suspend the laws." Those under Texas rules of Evidence 102, 103 and 201, 404, 405.

At their hearing of February 03, 2015 The trial court under The Honorable Darlene Byrnes of the 126th Judicial District Court of Travis County Texas, had presided the records show the 200th district Court had heard the motion. Mr. Golden went ex parte to have the 200th Judicial Court hear their case.

The motion was alleging grounds for declaring the plaintiff Sanctions against previous filings which was irrelevant based on the fact the charges had been DTPA violations exempt under that particular code, and alleged grounds for having plaintiff declared a vexatious litigant.

there was no 'cross-examination' as being the procedure for character evidence, the defendant read from a statement which I have not found an affidavit.

I motioned to the court to hold their Motion as it was fraudulent based as I had charged them with harassment and they were in the process of filing their third fraudulent claim. I also motioned the trial court allow a running objection. The trial court heard the objections. defendants statements by attorney Jason Boulette. the trial court ruled in favor of the defendants naming the plaintiff a vexatious litigant and dismissing the plaintiff's case under T.r.C.P. 91a Lack of Evidence.

On March 09, 2015 I filed a Motion to vacate Judgment, I could not find the Statute under T.R.C.P.C. ch. 27 prior to this date online, it had been redressed in textbook form and the legislature was in the process of updating the web. I filed the 1st amended Motion to vacate /Motion to vacate Judgment under T.R.C.P.C. ch. 27, sec. 27.003 version on the 10th of March and the 2nd amended version on the 11th of March 2015.

The defendant's were served notice, and failed to appear at the hearing on April 26, 2015.

The Trial court presided by the Honorable Judge Tim Sulak of the 353rd judicial District Court of Travis County when he made the call of the docket. He had decided he would not hear the plaintiff's motion alleging he had no jurisdiction. I argued that under T.r.C.P.C. ch. 27 I had 60 days to file that motion from the date of service he chose to bade the issue unrelentingly. I motioned to be dismissed. I filed in the 7th C.O.A. pursuant to the T.R.C.P.C. ch. 27 sec. 27.005 27.008.

ISSUE'S PRESENTED

Original Petition for damages from filing a Fraudulent claim's: The trial Court failed to hear my motion for Mandatory Judicial Notice of Verifiable Facts

Defendant's interfered with a hearing which was for Contesting the constitutionality of a statue/and motion to stay judgment under T.R.C.P.C. 65.0014 from their having filed a fraudulent claim. T.P.C. 45.02

It is a conspiracy under 15.03 T.P.C. against the rights of an ind. allowed by the U.S. Constitution Art. 5th & 14th amendment of due process.

1. The trial court refused to hear my motions, Violation of the Texas rules of Evidence, 201

2. The defendant's made a material misrepresentation.

3. On cross-examination of the character witness, inquiry may be made into relevant specific instances of the person's conduct.

4. The Trial court refused to hear the Motion to vacate judgment alleging it had lost plenary power.

5. The C.O.A. 7th District court refused to hear the Motion to Vacate/ Motion to Vacate under T.R.C.P.C. Chap. 27. Sec.27.003 and Motion for Default judgment.

6. The trial court made a ruling against the plaintiff where it had heard testimony unsupported by an affidavit or a fraudulent affidavit.

7. The trial court made a judgment abusing its discretion and not following the T.R.C.P.

8. The defendant's made a fraudulent claim alleging rights to attorney's fees and not following the T.R.C.P.

STATEMENT OF FACTS

On January 12, 2015 I received from the Attorney, Michael Golden in the form of a Motion, for 'Sanctions' and alleging grounds for declaring the plaintiff a "Vexatious Litigant" under T.R.C.P.C. containing a defective affidavit.

At their hearing on February 03, 2015, No cross examination of the accused had been held.

It is a matter of law where a material misrepresentation was made by the defendant's not mentioning the defendant's failed to inform the court they had attended a hearing on April 18, 2013 approx. the

Honorable Amy Meachum of the 201st Judicial district Court of Travis County Texas had presided, with regards to an injunction where the plaintiff sought a declaration for being a victim of Identity Theft and charges of Abuse of Process related to their Motion to dismiss under T.R.C.P. 91a Lack of evidence under trial cause D-1-GN-13000-356, where the defendants had admitted to refusing to appear at a hearing for 'Mandatory Judicial Notice of Facts' with the Honorable Judge Lora Livingston of the 261st Judicial district court of Travis County Texas violating the U.S. Constitutional rights of due process allowed under 5th and 14th amendments, and Texas Const. art.1 sec 27 the right to redress and petition.

On May 19, 2015 Case no. 07-15-00141-cv The 7th C.O.A issued an ORDER heard Before CAMPBELL and HANCOCK and PIRTLE, JJ. An existing record with the relator's motion was filed with the 7th C.O.A. identifying the trial cause D-1-GN-1100-2276 Thereby rebuking the alleged claim by the defendants of being the first suit in a vexatious litigation claim as false. Where it is in existence an objection filed

06/02/2015

Objection filed

Appellant

Pro Se, Identifies trial cause D-1-GN-1200-2498 where stated, "it was necessary to provide the burden of proof of notice of service." A copy of the docketing sheet verifies 'Amended Motion for Injunctive relief' which served as notification and copy of the notice of hearing for the declaration of 'applicant being declared a victim of identity theft' the Honorable Judge Amy Meachum of the 201st Judicial District Court of Travis County Texas had presided had been filed and the docketing sheet which identifies there is no record of the defendants having amended any motion. the record shows the trial cause D-1-GN-13000-356 was filed as 'Nonsuited.' That is fraud.

These defendant's have failed to provide any sound evidence supporting a claim for vexatious litigation. T.R.C.P.C Ch. 11 (Sec. 11.054. CRITERIA FOR FINDING PLAINTIFF A VEXATIOUS LITIGANT.

A court may find a plaintiff a vexatious litigant if the defendant shows that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant and that:

(1) the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, has commenced, prosecuted, or maintained at least five litigations as a pro se litigant other than in a small claims court that have been: (A) finally determined adversely to the plaintiff; (B) permitted to remain pending at least two years without having been brought to trial or hearing; No evidence submitted.or

(C) determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure; Mandamus issues only when the mandamus record establishes (1) a clear abuse of

discretion or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law. The trial court violated State law in ruling under trial cause D-1GN-13000-356 failing to follow the T..R.C.P. 91a9 Dismissal Procedure Cumulative. This rule is in addition to, and does not supersede or affect, other procedures that authorize dismissal. A motion to dismiss filed under this rule must be ruled on by the court within 45 days unless the motion, pleading, or cause of action is withdrawn, amended, or nonsuited as specified in 91a.5.

The defendants failed to follow the rules under 91a and alleged they had grounds for attorney's fees, exercising dominion over the appellant's petition committing conversion/theft liability act 134.003Added by Acts 1989, 71st Leg., ch. 2, Sec. 4.05(a), eff. Aug. 28, 1989. - See more at: http://codes.lp.findlaw.com/txstatutes/CP/6/134/134.003#sthash.ROSPVKgj.dpuf

(2) after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, pro se, either: (A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or (B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined;

SUMMARY OF THE ARGUMENT

This is the third fraudulent claim filed by the defendants using identity theft under Bus. & com. code 521.051, to obtain a judgment exercising dominion over the petition committing conversion.

The defendant's alleged the plaintiff was a vexatious litigant, misleading the argument from the original petition for fraudulent claim by making another fraudulent claim for attorney's fees, saying they had grounds to dismiss under T.R.C.P. 91 Lack of Evidence where for the second time they failed to follow procedure and the trial court under the color of law violating T.R.C.P. 91a 7 allows them the judgment.

The defendant's testimony was inadmissible under the T.R.E. 404(b) Character Evidence. The trial Court was notified by lack of affidavit of the defendant's attempt to give testimony and that the plaintiff had stated on the record R.T.A. # ___ the defendant's were in the process of committing a felony. The defendants held that under T.R.C.P. 91a lack of evidence the trial court should dismiss the case and award them attorney's fees in the sum of 4000.00.

Violating the Texas  constitutional rights to petition Art. 1 Sec. 27


This being the grounds for the plaintiff's original petition they failed to answer.  Hence, it is a third fraudulent claim under Texas penal code 32.21 (a)Forgery, (f) (f)  A person is presumed to intend to defraud or harm another if the person acts with respect to two or more writings of the same type and if each writing is a government record listed in Section 37.01(2)(C).


Texas Penal code 47.02 harassment with intent to do harm.

Failure to relinquish claim within 20 days under Texas Penal code is intent to do harm.


ARGUMENTS


It is a provision of  the Texas remedies and civil procedures codes ch. 12 sec. Sec. 12.004. VENUE.   An action under this chapter may be brought in any district court in the county in which the recorded document is recorded or in which the real property is located.

It is under Texas Supreme Court case no. 14.-0246 which the fraudulent claim was filed where the ruling of the court was dismissal of the petition for mandamus where the trial court had failed to follow the T.R.C.P. and gave the defendants a judgment against the plaintiff citing lack of evidence.  The trial court failed to follow the rules of T.R.C.P. 91 a 7,    Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law and (2) the absence of a clear and adequate remedy at law.  Walker v. Packer, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding); see In re Columbia Med. Ctr. of Las Colinas Subsidiary, L.P., 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding).  It is the relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief.

Walker, 827 S.W.2d at 837; In re Pilgrim's Pride Corp., 187 S.W.3d 197, 198–99 (Tex. App.—Texarkana 2006, orig. proceeding); see Tex. R. App. P. 52.3, 52.7.


Under the Texas Constitution art. 1 Sec. 28 Sec. 28.  SUSPENSION OF LAWS.  No power of suspending laws in this State shall be exercised except by the Legislature.

It is a conspiracy under Hass, 216 U.S. at 479-480. In Hammerschmidt, Chief Justice Taft, defined "defraud" as follows:

To conspire to defraud the United States means primarily to cheat the Government out of property or money, but it also means to interfere with or obstruct one of its lawful governmental functions by deceit, craft or trickery, or at least by means that are dishonest. It is not necessary that the Government shall be subjected to property or pecuniary loss by the fraud, but only that its legitimate official action and purpose shall be defeated by misrepresentation, chicane or the overreaching of those charged with carrying out the governmental intention.

Hammerschmidt, 265 U.S. at 188.

The general purpose of this part of the statute is to protect governmental functions from frustration and distortion through deceptive practices. Section 371 reaches "any conspiracy for the purpose of impairing, obstructing or defeating the lawful function of any department of Government." Tanner v. United States, 483 U.S. 107, 128 (1987); see Dennis v. United States, 384 U.S. 855 (1966). The "defraud part of section 371 criminalizes any willful impairment of a legitimate function of government, whether or not the improper acts or objective are criminal under another statute." United States v. Tuohey, 867 F.2d 534, 537 (9th Cir. 1989).


It was to the trial court discretion whether or not under Texas Rules of Evidence Rule 403. Excluding Relevant Evidence for Prejudice, Confusion, or Other Reasons The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence.  RTA # ,  .(Motion to hold motion for fraud)

Under The Texas Rule of Evidence Testimony is not admissible.  Character Evidence; Crimes or Other Acts (a) Character Evidence. (1) Prohibited Uses. Evidence of a person'sRule 404 character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait. T.R.c.P. 91a.5 Effect of Nonsuit or Amendment; Withdrawal of Motion.

Where the plaintiff had filed an amended petition pursuant to T.r.C.P. 91a 6 and rule 59, the T.R.C.P. 91a 9 dismissal curriculum identifies (a) The court may not rule on a motion to dismiss if, at least 3 days before the date of the hearing, the respondent files a nonsuit of the challenged cause of action, or the movant files a withdrawal of the motion.

 It is part of the texas rules of civil procedure when an amended motion exists these rules apply.

T.R.C.P 91a.6 Hearing; No Evidence Considered.

Each party is entitled to at least 14 days' notice of the hearing on the motion to dismiss. The court may, but is not required to, conduct an oral hearing on the motion. Except as required by 91a.7, the court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59.

T.R.C.P. 91a.7 Award of Costs and Attorney Fees Required.

 Except in an action by or against a governmental entity or a public official acting in his or her official capacity or under color of law, the court must award the prevailing party on the motion all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court. The court must consider evidence regarding costs and fees in determining the award.

It is not only the reason I should have a hearing, it is the purpose for which there is/are judges/justices for which to follow these which are laid out by the legislature, 'Texas Rules of Evidence' 102(d) Exception for Constitutional or Statutory Provisions or Other Rules.

Despite these rules, a court must admit or exclude evidence if required to do so by the United States or Texas Constitution, a federal or Texas statute, or a rule prescribed by the United States or Texas Supreme Court or the Texas Court of Criminal Appeals. If possible, a court should resolve by reasonable construction any inconsistency between these rules and applicable constitutional or statutory provisions or other rules.

Where it is the objective of the person who files a motion it is construed that by the guidelines of which are laid out under Texas Rules of Evidence 201 . Judicial Notice of Adjudicative Facts (c) Notice and Opportunity to Be Heard. (1) Notice. The court may require a party requesting judicial notice to notify all other parties of the request so they may respond to it. (2) Opportunity to Be Heard. On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the matter to be noticed. If the court takes judicial notice before a party has been notified, the party, on request, is still entitled to be heard.

When, under T.R.C.P. 91a Lack of Evidence, an amended motion is presented and a hearing is held, it becomes part of T.R.C.P. to follow through under RULE 67. AMENDMENTS TO CONFORM TO ISSUES TRIED WITHOUT OBJECTION When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. In such case such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made by leave of court upon motion of any party at any time up to the submission of the case to the Court or jury, but failure so to amend shall not affect the result of the trial of these issues; provided that written pleadings, before the time of submission, shall be necessary to the submission of questions, as is provided in Rules 277 and 279. R

PRAYER

It is that for which I pra to rest this harassment and attempt to delay an over due outcome to which could have been resolved without the defendan'ts 1st attempt at manipulation of the facts where the failure to disclose issues and interfering with hearings has taken 4 years for the court to an opportunity to correct their actions.  I pray for the defamation of character and rest of the harassment and theft to be dealt with as it should be and my claims be awarded to me in equity.

Respectfully submitted,

Joseph E. McClain, III,      Pro se

Austin, Texas, 78757      Homeless  josephmcclain2003@yahoo.com      email

CERTIFICATE OF SERVICE

I Joseph E. McClain, III certify that I emailed/served  a copy of this document a Appellan'ts Brief

Michael J. Golden, attorney of record for Dell, Inc., at Defendants: Dell, Inc., whose registered office is 1 Dell Way, Round rock, Texas 78682 Michael S. Dell, Chairman of the Board, Chief Executive Officer

Michael J. Golden/C:O Boulette & Golden L.L.P.

2801 Via Fortuna, Suite 530                                                                                        Austin, Texas 78746

mike@boulettegolden.com

(512) 732-8902(direct)(512) 732-8905(fax)

Seaton Corporation: %: Patrick Berhalle
860 W Evergreen Ave, Chicago, IL 60642

(312) 915-0700

Cornell Smith Mierl Brutacao                                                                                        1607 West Avenue Austin, Texas 78701 PH.: P: 512.334.2251 fax: 512.328.1541

tsmith@cornellsmith.com

Office of the Attorney General                                    Office of
the Attorney General, Ken Paxton                                  209 14TH
ST,W AUSTIN TX 78701

const_claims@texasattorneygeneral.gov


 On This the 29th day of June 2015

Date


Joseph E. McClain, III                    Pro Se Litigant