Jane H. BROWNING et al., Relators,

v.

The Honorable John L. PLACKE,
Judge et al., Respondents.

No. C–4425.

Supreme Court of Texas.

Oct. 30, 1985.

R. Jack Ayres, Jr., Thomas V. Murto, III, Jeff R. Boggess and Larry B. Dwight, Dallas, W. James Kronzer, Jr., Houston, Scott, Douglass & Luton, Frank Douglass and Steve McConnico, Austin, for relators.

Dale Ossip Johnson, Austin, Pat S. Holloway, Gidding, James H. Keahey, Jack Ratliff, Lynch, Chappell, Allday & Alsup, Thomas T. Rogers and Wallace M. Smith, O'Neill, Haase & White, Rex H. White, Jr., Austin, for respondents.

PER CURIAM.

This original mandamus proceeding presents the question whether a district court may declare void the judgment of another district court. We hold that absent a showing that the prior court lacked jurisdiction, no such declaration is permissible.

In 1982, the Brownings recovered a judgment against Humble Exploration Company, Pat S. Holloway, and others. This judgment, rendered by the 162nd District Court of Dallas County after a jury trial, imposed a constructive trust on Humble/Holloway assets and awarded the Brownings actual and exemplary damages totaling $72 million. Humble/Holloway appealed the judgment. The court of appeals dismissed the appeal because Humble/Holloway had elected to simultaneously challenge the judgment in federal court. Humble/Holloway then filed an application for writ of error in this court, complaining of the dismissal by the court of appeals. This court refused that application, no reversible error.

In June 1985, Humble, Holloway, Holloway family members, and others filed several suits in the 21st District Court of Lee County. One complaint in those suits was that persons who had royalty interests in Humble and persons who had interests in

Holloway's assets were not joined in the Dallas district court proceeding, making the judgment in that case void. Numerous other complaints were also made, including that assets were mishandled by a receiver, that the Dallas district court failed to give Humble/Holloway a fair trial, and that because of the Dallas district court proceedings, Humble/Holloway and other plaintiffs were entitled to damages for libel, slander, invasion of privacy, interference with business relations, and malicious prosecution.

On August 28, 1985, the Lee County district court rendered an "Order Overruling Special Appearances, Pleas to the Jurisdiction, in Abatement, to Dismiss, of Res Judicata and Collateral Estoppel and Claim of Non-Suit and Abandonment of Claims." Signed after a temporary injunction hearing, this order found *inter alia* that Holloway family members and royalty owners were indispensable parties to the Dallas district court action but were not joined therein; that Humble and Holloway were denied a fair trial; and, that constructive trusts imposed in the judgment were faulty. The court then declared that for those reasons and others, the Dallas district court judgment is "void in law *ab initio* and without any legal force or effect."

■ Unless a judgment of a court of general jurisdiction is void, it is not subject to collateral attack in another court of equal jurisdiction. *Austin Independent School District v. Sierra Club*, 495 S.W.2d 878, 881 (Tex.1973). And a judgment is void only when it is shown that the court had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act as a court. *Id.* A failure to join "indispensable" parties does not render a judgment void; there could rarely exist a party who is so indispensable that his absence would deprive the court of jurisdiction to adjudicate between the parties who are before the court. *Cooper v. Texas Gulf Industries, Inc.*, 513 S.W.2d 200, 204 (Tex.1974). All errors oth-er than jurisdictional deficiencies render the judgment merely voidable, and such errors must be corrected on direct attack. When time for direct attack by appeal has elapsed, a bill of review in the court rendering the initial judgment is the exclusive remedy to attack the judgment. *Middleton v. Murff*, 689 S.W.2d 212 (Tex.1985).

■ The Lee County district court has declared void a judgment which has not been shown to have been rendered by a court without jurisdiction to do so. Because that action conflicts with *Austin Independent School District v. Sierra Club*, 495 S.W.2d 878 (Tex.1973), we grant leave to file the petition for writ of mandamus and, without hearing oral argument, conditionally grant the writ of mandamus. Should Judge Placke fail to vacate his order declaring the Dallas district court judgment void, the writ of mandamus will issue. Tex.R.Civ.P. 483.