Opinion issued June 30, 2005








     






In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00579-CV




JAMES BRUCE ARMENTOR, Appellant

V.

TRACY LEA KERN AND THE OFFICE OF THE ATTORNEY GENERAL
OF TEXAS, Appellees




On Appeal from the 246th District Court
Harris County, Texas
Trial Court Cause No. 2000-24477




O P I N I O N
          James Armentor appeals the trial court’s order granting Tracy Kern and the
Attorney General of Texas’s motion for enforcement of a child support order. 
Armentor contends the trial court erred in ordering him to pay $21,793 for child
support arrearages because the underlying child support order is void due to the trial
court’s lack of personal jurisdiction over him. We affirm. The Background
          In May 2000, Kern sued Armentor to establish that Armentor is the father of
her daughter, M.N.G., born in 1993 in Lake Charles, Louisiana. Kern, a Texas
resident, served Armentor with a nonresident citation in his home state of Louisiana
in June 2000. Armentor did not answer or appear for trial. In November 2000, the
trial court signed a default final order establishing parentage and awarding child
support.
          The November order recites that the court had jurisdiction over the parties and
that Armentor is M.N.G.’s father. The order requires Armentor to pay $525 per
month for child support until June 1, 2001, and $600 per month thereafter. The order
further renders a retroactive support judgment against Armentor in the amount of
$33,225, to be liquidated in monthly payments of $150. 
          Armentor did not move for a new trial, appeal, or file a bill of review to contest
the final order. Armentor also did not pay child support as directed by the trial court,
although he did pay smaller sums to Kern over time. In 2002, the attorney general
moved to enforce the child support order. Armentor answered with a general denial
and asserted that “there is no enforceable order on which to find a child support
arrearage.” He later moved to strike the Attorney General and Kern’s motion for
enforcement on the ground that the trial court lacked personal jurisdiction over him,
as a nonresident party, at the time it signed the November 2000 final order. 
          In February 2002, the trial court heard argument on Armentor’s motion to
strike. The trial court denied the motion. Further, after hearing evidence, the trial
court granted the motion to enforce the child support order, and signed an order
confirming $21,793 in child support arrearages. Armentor moved for a new trial,
which the trial court denied. This appeal followed. 
Discussion
          Armentor contends the trial court erred in entering an order confirming a child
support arrearage because the underlying court order establishing parentage and
awarding child support is void due to the trial court’s lack of personal jurisdiction
over him. The Attorney General responds that (1) the underlying order expressly
states that the trial court had personal jurisdiction over Armentor, thus he cannot now
collaterally attack the order; and (2) the evidence demonstrates Armentor maintained
continuous, systematic, and substantial contacts with Texas, related to the subject
matter of the suit, thereby subjecting Armentor to personal jurisdiction in Texas. In
her briefing to this court, Kern adopts the Attorney General’s briefing, and further
requests that we strike the reporter’s record of the original default final order hearing,
because it was not before the trial court at the motion to enforce hearing.
Standing to Raise a Jurisdictional Challenge
          A collateral attack, unlike a direct attack, does not attempt to secure the
rendition of a single, correct judgment in the place of a former judgment. Solomon,
Labert, Roth & Assoc’s, Inc., v. Kidd, 904 S.W.2d 896, 900 (Tex. App.—Houston
[1st. Dist.] 1995, no writ) (citing Austin Indep. Sch. Dist. v. Sierra Club, 495 S.W.2d
878, 881 (Tex. 1973) and Browning v. Placke, 698 S.W.2d 362, 363 (Tex. 1985)). 
Instead, it is “an attempt to avoid the effect of a judgment in a proceeding brought for
some other purpose.” Id. (citing Employers Cas. Co. v. Block, 744 S.W.2d 940, 943
(Tex. 1988)).
          A party may collaterally attack a judgment of a court of general jurisdiction in
another court of equal jurisdiction if the underlying judgment is void. Solomon, 904
S.W.2d at 900 (citing Browning, 698 S.W.2d at 363). A trial court’s judgment is void
only if the court had no jurisdiction over the parties or the property, no jurisdiction
over the subject matter, no jurisdiction to enter the particular judgment, or no capacity
to act as a court. Id. (citing Browning, 698 S.W.2d at 363). All errors other than
jurisdictional deficiencies render the judgment voidable, and such errors must be
corrected on direct attack. Id. (citing Browning, 698 S.W.2d at 363). The party
collaterally attacking the judgment bears the burden of demonstrating that the
judgment under attack is void. See Stewart v. USA Custom Paint & Body Shop, Inc.,
870 S.W.2d 18, 20 (Tex. 1994). 
          Here, Armentor contends the underlying default final order against him is void
because the trial court never acquired personal jurisdiction over him. If the trial court
lacked personal jurisdiction over Armentor, then the default final order is void, and
it is permissible for Armentor to challenge that default order by a collateral attack. 
See Solomon, 904 S.W.2d at 900–01. We therefore conclude Armentor has standing
to collaterally challenge the underlying default order for lack of personal jurisdiction.
Jurisdictional Recitals in the Default Final Order 
          Armentor contends that he did not engage in activities within Texas sufficient
to subject him to suit in Texas state district court. Kern and the Attorney General
respond that (1) Armentor’s attack cannot prevail because the jurisdictional recitals
in the final order under attack must be given absolute verity; and (2) even if Armentor
could collaterally attack the final order, the evidence sufficiently proves that the
Texas court had personal jurisdiction over Armentor at the time it rendered its default
final order.
          “It is the well settled law of this state that where a judgment is collaterally
attacked, plain jurisdiction recitals contained therein must be accorded absolute
verity.” Pure Oil Co. v. Reece, 78 S.W.2d 932, 934 (Tex. 1935); see also Akers v.
Simpson, 445 S.W.2d 957, 959 (Tex. 1969) (“It is the firmly established rule in Texas
that a defendant who is not served and who does not appear may not, as a matter of
public policy, attack the verity of a judgment in a collateral proceeding; the
jurisdictional recitals import absolute verity.”). This court and the Dallas Court of
Appeals more recently have followed this rule. See Solomon, 904 S.W.2d at 900;
Huffstutlar v. Koons, 789 S.W.2d 707, 710 (Tex. App.—Dallas 1990, no writ). The
November 2000 default final order in this case contains such recitals, and thus the
trial court properly deferred to their verity. 
          Even if, in an appropriate case, the veracity of personal jurisdiction recitals
could be questioned in a collateral attack on the judgment, this is not such a case. 
Armentor failed to introduce evidence contradicting these recitals at the motion to
enforce hearing. Armentor instead contended that the pleadings that sought relief did
not establish the trial court’s exercise of personal jurisdiction. Armentor did not offer
the testimony from the earlier default hearing. Armentor testified at the motion to
enforce hearing, but not about his contacts in Texas during the time preceding the
trial court’s default final order. Rather, he testified about his ability to pay the order
and his current infrequent contacts with the child. Such testimony does not
contradict the veracity of the recitals in the default final order. Thus, even assuming
that personal jurisdictional recitals can be collaterally attacked, Armentor has failed
to meet his burden to demonstrate that the default final order is void. See Stewart,
870 S.W.2d at 20.



Conclusion
          We hold that the trial court did not err in finding that Armentor failed to
overcome the validity of the underlying default final order. We therefore affirm the
order of the trial court confirming a child support arrearage. 



                                                             Jane Bland
                                                             Justice
 
Panel consists of Justices Nuchia, Keyes, and Bland.