Reversed and Remanded and Opinion filed March 23, 2010.

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-01018-CV

___________________

 

Lt. Kenneth Miller, Appellant

 

V.

 

City of Houston and Harold Hurtt,
Appellee



 



 

On
Appeal from the 215th District Court

Harris County,
Texas



Trial Court Cause No. 2007-36749

 



 

 

OPINION

            In
this case arising from the disciplinary actions taken against a police officer,
we are asked if an independent hearing examiner exceeded his jurisdiction in
effectively reducing an indefinite suspension to a 92-day suspension.  Because
the hearing examiner was not authorized to impose a suspension of more than
fifteen days, we reverse the trial court’s judgment and remand the case.  

I.  Factual and Procedural
Background

            In 2006, a coworker alleged that Lieutenant
Kenneth Miller of the City of Houston Police Department had sexually harassed
her.  Based on the investigation of the allegations and on his determination
that Miller was untruthful during the investigation, Chief of Police Harold L.
Hurtt indefinitely suspended Miller on March 8, 2007.  Hurtt concluded that
Miller had violated specific provisions of General Order 200-08, dated
September 28, 2005, addressing officers’ “personal conduct,” “sound judgment,” “truthfulness,”
“obedience to laws and rules,” and “supervisory conduct.”

            Miller filed a timely appeal to an
independent hearing examiner, and the case was heard by Richard F. Dole Jr.,
who issued a written decision on June 7, 2007.  Dole’s ruling is divided into
four sections labeled “Background,” “Positions of the Parties,” “Analysis,” and
“Decision.”  The conclusion of the Analysis section and the complete Decision
section are as follows:

During the hearing both parties emphasized that the
Ap[p]ellant’s truthfulness was of major concern.  In resolving that concern,
the Chief’s letter indicates that the Chief gave significant weight to the
polygraph examination and to the polygraph examiner’s
report . . . .  However, the record in this proceeding
establishes that both the examination process and the examination report are
not entitled to significant weight.  Just cause was not shown for the
Appellant’s indefinite suspension.  However, the award of back pay and lost
benefits are not warranted by the hearing record.

IV.       DECISION

(1)       The Appellant’s indefinite suspension is vacated.

(2)       The City is to restore the Appellant’s
employment.

(3)       The
parties are to pay the expenses of this proceeding as provided by Texas law.

            Miller
appealed the decision to a Harris County district court, naming Hurtt and the
City of Houston (collectively, “the City”) as defendants.  As relevant to this
appeal, Miller alleged that the hearing examiner, having held that Miller be
restored to his employment, lacked or exceeded jurisdiction to exclude Miller’s
recovery of back pay and lost benefits.  See Tex. Loc. Gov’t Code Ann. § 143.1016(j) (Vernon 2008).  

            The City filed
an original and a first amended plea to the jurisdiction.  On the day the plea
was heard, Miller filed a first amended petition asserting additional claims
for declaratory relief.  Five days later, the City filed a second amended plea
to the jurisdiction in which it asserted that Miller’s suit was not timely
filed, and the trial court granted Miller leave to file a second amended
petition.  Before the second amended plea was heard, however, the trial court
granted the City’s first amended plea to the jurisdiction and dismissed all of
Miller’s claims.  This appeal timely ensued.  

II.  Issues Presented

            Miller
presents five issues for review.  In his first issue, he argues that the
district court erred in granting the City’s plea to the jurisdiction because
jurisdiction over the parties and the subject matter of this cause of action is
proper under Texas Local Government Code section 143.1016(j).  Because this
issue is dispositive of the appeal, we do not reach Miller’s remaining issues. 
See Tex. R. App. P. 47.1.

III.  Standard of Review

            A trial
court must determine at its earliest opportunity whether it has the
constitutional or statutory authority to decide the issues before it because if
it lacks jurisdiction over the subject matter of the case, its judgment is void. 
Tex. Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex.
2004) (citing Austin & N.W.R. Co. v. Cluck, 97 Tex. 172, 77 S.W.
403, 405 (1903)); Browning v. Placke, 698 S.W.2d 362, 363 (Tex. 1985)
(per curiam).  Whether a trial court has jurisdiction is a question of law that
we review de novo.  Id.  Where, as here, a plea to the jurisdiction
challenges the pleadings, we construe the pleadings liberally in the pleader’s favor
and look to the pleaders’ intent when determining if the facts alleged affirmatively
demonstrate the court’s jurisdiction to hear the cause.  Id. (citing Tex.
Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993)).


IV.  Analysis

A.        Applicable Law

            Fire
fighters and police officers employed by municipalities covered by the Civil
Service Act, codified in chapter 143 of the Local Government Code, generally
have permanent employment tenure as public servants.  Tex. Loc. Gov’t Code Ann. § 143.001 (Vernon 2008).[1]  Nevertheless, the
Act authorizes three types of suspensions from employment as a police officer. 


            First, the
head of the police department may impose an involuntary disciplinary suspension
for “a reasonable period not to exceed 15 days.”  Id. § 143.117(a). 
Such a suspension may be appealed to the Fire Fighters’ and Police Officers’
Civil Service Commission (“the commission”) or to an independent hearing
examiner.  See § 143.118 (appeal to the commission); id. § 143.1016
(appeal to an independent hearing examiner).  The hearing examiner and the
commission have the same duties and powers.  Id. § 143.1016(f).  The
selected entity determines if “just cause” exists for the suspension, and may
order the period of suspension reduced or instruct the department head to
restore the officer to his prior position and repay lost wages.  Id. § 143.118. 


            Second, the
department head may “indefinitely suspend” a police officer for violating a
civil service rule.  Id. § 143.119(a).  Indefinite suspension is
the equivalent of termination,[2]
and like a disciplinary suspension, it may be appealed to the commission or to
an independent hearing examiner.  Id. §§ 143.106, 143.119.  In
issuing a decision in such an appeal, the commission or hearing examiner must
state whether the officer is permanently dismissed, temporarily suspended, or
restored to his former position.  Id. § 143.120(c).  An officer may
be suspended or dismissed only after a finding that the specific charges
against him are true.  Id. § 143.120(e).  

            Third, the
department head may allow an officer faced with indefinite suspension the
opportunity to remain employed by accepting a voluntary suspension of sixteen
to ninety calendar days with no right of appeal.  See id. § 143.119(f). 
Because no such offer was extended and accepted by Miller, he retained his
right to appeal.

            A hearing
examiner’s award is appealable to a district court only on the grounds that the
examiner “was without jurisdiction or exceeded [his or her] jurisdiction or
that the order was procured by fraud, collusion, or other unlawful means.”  Id.
§ 143.1016.  “A hearing examiner exceeds his jurisdiction when his
acts are not authorized by the Act or are contrary to it, or when they invade
the policy-setting realm protected by the nondelegation doctrine.”  City of
Pasadena v. Smith, 292 S.W.3d 14, 21 (Tex. 2009).  

B.        Nature of
Miller’s Allegations

            Miller’s
pleadings and the City’s plea to the jurisdiction offer two different
characterizations of the examiner’s order.  Miller pleaded that because the
hearing examiner vacated Miller’s indefinite suspension and restored him to his
former employment, the examiner exceeded his jurisdiction in denying Miller
recovery of back pay and lost benefits.  See Tex. Loc. Gov’t Code Ann. §§ 143.120(d); 143.1215
(providing that an officer restored to employment is entitled to full
compensation for the actual time lost as a result of the suspension).  But the
City reasons that because an officer does not earn or accrue wages or benefits
while suspended, id. § 143.122(e), and the examiner withheld an
award of back pay, the examiner “ruled ultimately that Miller could keep his
job, but that the Chief had just cause to discipline Miller, and affirmed a
suspension for approximately 92 days.”[3] 
We agree with the City’s construction of the hearing examiner’s order.  The
question to be resolved is whether the hearing examiner exceeded his
jurisdiction by reforming an indefinite suspension to a temporary suspension of
more than ninety days.

            The Texas
Supreme Court answered this question in City of Waco v. Kelley, 53 Tex.
Sup. Ct. J. 338, 2010 WL 571974 (Tex. Feb. 19, 2010).  In Kelley, an
assistant chief of police with the same appellate rights as a classified police
officer appealed an indefinite suspension, and the hearing examiner reduced the
suspension to 180 days, reinstated the officer at a reduced rank, and ruled
that he could recover his lost wages and benefits.  Id. 2010 WL 571974,
at *1.  The court noted that a hearing examiner is authorized to reduce the
period of an officer’s suspension.  Id., 2010 WL 571974, at *1
(citing Tex. Loc. Gov’t Code Ann.
§ 143.053(f)); see also Tex. Loc.
Gov’t Code Ann. § 143.118(b) (employing identical language in
section applicable to officers employed by a municipality with a population of
at least 1.5 million).  But the court further observed that the Act authorizes
a department head to impose involuntary suspension only for “‘a reasonable
period not to exceed 15 calendar days or for an indefinite period.’”  Id.,
2010 WL 571974, at *7 (citing Tex.
Loc. Gov’t Code Ann. § 143.052(b)); see also Tex. Loc. Gov’t Code Ann. § 143.117(a)
(authorizing the department head of a larger municipality to suspend an officer
“for a reasonable period not to exceed 15 days”); Tex. Loc. Gov’t Code Ann. § 143.119(a)
(authorizing the department head of a larger municipality to indefinitely
suspend an officer).  The court explained that when a hearing examiner finds
the charges against an officer are true, the examiner’s jurisdiction is limited
“to imposing a dismissal from the department, imposing a temporary suspension
of fifteen days or less, or restoring the officer’s former position or status .
. . together with wages and benefits lost as a result of the suspension.”  Id.,
2010 WL 571974, at *8; see also id., 2010 WL 571974, at *9
(“[T]he Act does not authorize a hearing examiner to both ‘restore’ an officer
while at the same time suspending the officer, even if the officer’s suspension
is reduced from that imposed by the department head.”).  The court concluded
that although the hearing examiner did not exceed his jurisdiction by reducing
Kelley’s indefinite suspension to a temporary one, he exceeded his jurisdiction
by imposing a temporary suspension of more than fifteen days.

            The
rationale and holding of Kelley apply to the facts presented here.  As
in Kelley, the officer in this case was indefinitely suspended.  In both
cases, the officer appealed to an independent hearing examiner.  In Kelley,
the hearing examiner expressly found the charges against the officer to be
true, and in this case, the hearing examiner impliedly found at least some of
the charges against the officer to be true.[4] 
In Kelley, as here, the examiner effectively reinstated the officer and
reduced the indefinite suspension to a temporary suspension of more than
fifteen days.  See id., 2010 WL 571974, at *5 (“By reducing the
suspension, the hearing examiner effectively reinstated Kelley to the police
force.”).[5] 
And just as the court in Kelley concluded that the hearing examiner
exceeded his jurisdiction, we must conclude that the hearing examiner in this
case similarly exceeded his jurisdiction.

            The hearing
examiner in this case was authorized to reduce Miller’s indefinite suspension
to a temporary suspension, but he was not authorized to impose a temporary
suspension of more than fifteen days.  Because the examiner exceeded his
jurisdiction in effectively imposing a 92-day suspension, the trial court has
jurisdiction over the case pursuant to Texas Local Government Code section
143.1016(j).  

V.  Conclusion

            We sustain
Miller’s first issue and hold that the trial court erred in granting the City’s
plea to the jurisdiction.  We therefore reverse the trial court’s judgment and
remand this case to the trial court for further proceedings consistent with
this opinion.  

 

                                                                                    

                                                                        /s/        Margaret
Garner Mirabal

                                                                                    Senior
Justice

 

 

 

 

 

Panel
consists of Chief Justice Hedges, Justice Anderson, and Senior Justice Mirabal.*

 









[1] Chapter 143 contains some
statutes that generally apply to all covered municipalities and some that apply
only to municipalities with populations of at least 1.5 million.  Population is
determined by the most recent federal decennial census or, if more recent, the
state demographer’s annual population estimate.  Id. § 143.02.  Because
Miller was employed by the City of Houston Police Department, we apply the
statutes governing employees of municipalities having populations of at least
1.5 million as well as those of general application unless specifically
excluded.  Id. §143.101.  The 2000 federal census lists the population
of Houston as 1,953,631.  U.S. Census Bureau, Census 2000, American FactFinder,
Geographic Comparison Table, Texas – Place, Summary File 1, http://factfinder.census.gov/servlet/GCTTable?_bm=y&-geo_id=04000US48&-_box_head_nbr=GCT-PH1&-ds_name=DEC_2000_SF1_U&-format=ST-7.





[2] Id. § 143.052. 






[3] Hurtt specified that
Miller was suspended “as of the close of business” on March 8, 2007; Dole issued
his decision 92 days later.





[4] In his written decision,
the examiner did not expressly address the underlying allegations of sexual
harassment, but only stated the parties’ positions on the subject.  The
examiner focused his “Analysis” on Hurtt’s conclusion that Miller was
untruthful during a polygraph examination and he concluded, “Just cause was not
shown for the Appellant’s indefinite suspension.  However, the award of back
pay and lost benefits are not warranted by the hearing record.”  His attempt to
effectively impose a 92-day suspension implies that he found charges to be
true.  





[5] Although the hearing
examiner instructed the City to “restore” Miller’s employment, the terms
“restore” and “reinstate” have different meanings.  See Tex. Loc. Gov’t Code Ann. § 143.120(d)
(“If the suspended . . . officer is restored to the position or class of
service from which the person was suspended, the department head shall
immediately reinstate the person as ordered, and the person is entitled
to full compensation . . . for the actual time lost as a result of the
suspension . . . .”) (emphasis added).  A hearing examiner
is not authorized both to “restore” an officer while at the same time
suspending the officer.  See Kelley, 2010 WL 571974, at *9.





* Senior
Justice Margaret Garner Mirabal sitting by assignment.