**Opinion filed March 21, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00227-CV

_____

## IN THE MATTER OF THE ESTATE
## OF TROY F. CHAFFIN, DECEASED

**On Appeal from the County Court at Law**
**Ector County, Texas**
**Trial Court Cause No. 19,309-08**

## M E M O R A N D U M   O P I N I O N

Kay Price and Shorty Hall Rig Co., Inc. complain on appeal that the trial court erred when it granted certain relief, including release and discharge, to A.M. Nunley III, Independent Executor of the Troy F. Chaffin Estate. We agree and therefore reverse and remand this case to the trial court.

There is not much in dispute in this case insofar as the procedural matters that directly affect the outcome of this appeal.

Troy F. Chaffin died. In his will, Troy named his two daughters, Kay Marquita Price and Carmelita Mae Moore, as co-independent executrices. The trial judge in the Ector County Court at Law admitted that will to probate. For whatever reason, that arrangement did not work well, and Price and Moore both resigned. The trial court appointed Nunley as the successor.

Ireba Vonice Chaffin was Troy's surviving widow, and she intervened in the probate of Troy's estate. However, Ireba passed away, and an application was filed in the County Court at Law No. 2 to probate her will. As with Troy's estate, the parties in Ireba's estate apparently held differences of opinion, and disputes followed. Finally, the parties agreed to settle their differences, and they signed a Family Settlement Agreement.

One of the signatories to the Family Settlement Agreement was Shorty Hall Rig Co., Inc., a Texas corporation. The stock of Shorty Hall Rig was the major component of Troy's estate. However, Shorty Hall Rig was not originally a party in either Troy's estate or Ireba's estate.

There were many parts to the Family Settlement Agreement, but for our purposes, suffice it to say that, under the terms of the agreement, Nunley was to be discharged as independent executor and Price was to take his place. Because Nunley had no part in Ireba's estate, he was not a party to the agreement.

Nunley first heard of the Family Settlement Agreement on May 20, 2011. After he learned of the agreement, Nunley filed, in Troy's estate, a petition for a declaratory judgment in which he sought, among other things, both a discharge and a release as independent executor. He filed the petition on May 23, 2011. He also sought approval of attorney's fees and expenses and approval of his final accounting.

Nunley did not obtain service of process of his petition on anyone or any entity. Although it is not a part of the record, the parties to this appeal agree that Nunley sent them a letter advising them of the filing of the request for relief in Troy's estate. He asked them to accept an enclosed copy of the petition in lieu of formal service of process. He stated that it would be necessary for any such acceptance to be in writing. He indicated that he had asked the clerk to wait before issuing formal service of process. Service was never requested, had, or attempted upon any party.

After the Family Settlement Agreement was signed, the court-appointed dependent administrator in Ireba's probate case moved for discharge and obtained a hearing. The court coordinator notified Nunley that the parties had scheduled that hearing, and although not a party to Ireba's estate, Nunley showed up at the hearing. The parties to Ireba's estate presented several agreed orders based on the Family Settlement Agreement. Price had different representation in each estate.

At the conclusion of the hearing in Ireba's estate, Price's attorney in that case was excused, and he left. The trial court asked if anyone else in the room had any business in the

probate case. Even though there had been no service of process of his petition in Troy's estate, no settings, no notice of setting, and no evidentiary hearing on the petition for declaratory judgment, Nunley asked the trial court to authorize payment of attorney's fees and expenses, to consider and approve his final accounting, and to discharge and release him. The trial court granted all the relief that Nunley requested, and it is from that order that Price and Shorty Hall Rig appeal.[1]

Price brings seven issues in this appeal. Shorty Hall Rig brings eleven issues. While an individual consideration of any number of those issues might well require the same result that we reach, we need not consider all of them in order to resolve this appeal. *See* TEX. R. APP. P. 47.1.

Price and Shorty Hall Rig make several of the same arguments in their respective briefs, including a complaint about the lack of service of process in connection with Nunley's declaratory judgment action. Shorty Hall Rig also argues that the trial court lacked personal jurisdiction over it.

Section 149E(a) of the Texas Probate Code provides that, "[a]fter an estate has been administered and if there is no further need for an independent administration of the estate, the independent executor . . . may file an action for declaratory judgment." TEX. PROB. CODE ANN. § 149E(a) (West Supp. 2012). In the petition, the independent executor may seek his discharge as to any "matters relating to the past administration of the estate that have been fully and fairly disclosed." *Id.* When such an action is filed, "each beneficiary of the estate shall be personally served with citation," except for any who might have waived issuance and service of citation. *Id.* § 149E(b).

Without reaching the effect of the trial court's entry of Nunley's relief in the absence of any evidentiary hearing to supply proof of the elements set out in Section 149E, we note that Nunley filed his action on May 20, 2011. It was heard three days later, on May 23, 2011, at a time when service of process not only had not been accomplished, but had not been requested. In fact, Nunley had asked the clerk not to issue service until he could determine whether the parties would waive service of process in order to avoid further expense.

Neither Price nor Shorty Hall Rig waived service of process in the declaratory judgment action in Troy's estate by appearing at the hearing in Ireba's estate. We again point out that Nunley showed up at a hearing in Ireba's estate; none of the parties were there for a hearing in

---

[1]Shorty Hall is a part of this appeal because it signed the Family Settlement Agreement. When the trial court granted Nunley his relief, it made the order applicable to all parties to the Family Settlement Ageement.

Troy's estate—none had been set. We have not been asked to determine the legal effect of the trial court's order upon Troy's estate when the trial court approved the Family Settlement Agreement after the hearing in Ireba's estate, and we make no holding about that.

Because there was no service of process, no waiver of service, and no appearance in lieu of service by any party to this appeal, the trial court should not have entered the order that it did in this case. *See* TEX. R. CIV. P. 124. Price's second issue on appeal is sustained. In addition to not being served, Shorty Hall Rig was not a party to Troy's estate or named as a party in Nunley's declaratory judgment action. Under these circumstances, the trial court lacked personal jurisdiction over Shorty Hall Rig. *See Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 200 (Tex. 1985) (explaining that a plaintiff invokes the trial court's "jurisdiction by valid service of process on the defendant"). Thus, the trial court's order, as to Shorty Hall Rig, is void. *See Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985) ("a judgment is void only when it is shown that the court had no jurisdiction of the parties"). Shorty Hall Rig's Issues No. 1(e) and No. 2—regarding service of process—and Issue No. 5—regarding personal jurisdiction—are sustained. We need not reach any of the other issues.

We reverse the judgment of the trial court and remand this cause for a new trial.


JIM R. WRIGHT
CHIEF JUSTICE


March 21, 2013

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

4