In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-22-00219-CV

_____

EX PARTE JAMES A. RUBIO

_____

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 11-04-04400-CV**

_____

**MEMORANDUM OPINION**

Appellant James Rubio is a civilly committed sexually violent predator (SVP).[1] In twenty-three points of error, Rubio appeals the trial court's denial of his application for writ of habeas corpus. We affirm the trial court's order denying habeas relief.

---

[1] *See* Act of May 21, 2015, 84th Leg., R.S., ch. 845, §§ 1-44, 2015 Tex. Sess. Law Serv. 2700-2712 (current version at Tex. Health & Safety Code Ann. §§ 841.001-.153).

## Background

Rubio has been convicted of a total of four sexually violent offenses, two in Georgia and two in Texas. *See* Tex. Health & Safety Code Ann. § 841.002(8)(A), (E), (G); O.C.G.A. § 16-5-21(a)(1). While Rubio was incarcerated for the most recent of these offenses, the State filed its petition to have Rubio civilly committed as a sexually violent predator. *See* Tex. Health & Safety Code Ann. § 841.041(a). A jury found Rubio to be a sexually violent predator, and the trial court signed a civil commitment order requiring Rubio to "reside in supervised housing at a Texas residential facility[.]" Rubio appealed his commitment, but while his appeal was pending, he left his court-ordered residence. We ordered that he voluntarily surrender by December 6, 2012, but Rubio failed to demonstrate that he complied with this Court's order, which required him to surrender and comply with his civil commitment order by December 6, 2012. *See* Tex. R. App. P. 42.3(c). Even though Rubio was provided an opportunity to explain why his appeal should not be dismissed, he failed to establish that good cause existed to retain his appeal. For that reason, we dismissed his appeal with prejudice. *See In re Commitment of Rubio*, No. 09-11-00602-CV, 2013 Tex. App. LEXIS 1408 (Tex. App.—Beaumont Feb. 14,

2013, pet. denied) (mem. op). Since then, Rubio has filed multiple unsuccessful requests for relief from the order of civil commitment in state and federal court.[2]

In the proceeding at issue here, Rubio applied for a writ of habeas corpus in the 435th District Court of Montgomery, County, Texas. However, Rubio did not support his application with a supporting affidavit or with documents to support his application for habeas relief.

When the State answered Rubio's application, it supported its answer with this Court's 2013 memorandum opinion dismissing Rubio's appeal from the civil commitment order, our mandate, the denial of Rubio's petition for review by the Supreme Court of Texas, and this Court's 2017 memorandum opinion denying Rubio's petition seeking a writ of mandamus to compel the trial court to rule on his motion seeking to declare the judgment committing him as a sexually violent predator void because one of his prior convictions arose from a no contest plea. The trial court signed an order denying the application on June 27, 2022, and Rubio appealed.

---

[2] *Rubio v. Lumpkin*, No. 20-20158, 2022 U.S. App. LEXIS 12469 (5th Cir. May 9, 2022); *Rubio v. Davis*, 907 F.3d 860 (5th Cir. 2018); *In re Commitment of Rubio*, No. 09-22-00151-CV, 2022 Tex. App. LEXIS 5214 (Tex. App.—Beaumont July 28, 2022, no pet.) (mem. op.); *In re Commitment of Rubio*, No. 09-19-00230-CV, 2019 Tex. App. LEXIS 7548 (Tex. App.—Beaumont Aug. 22, 2019, no pet.) (mem. op.); *In re Commitment of Rubio*, No. 09-19-00042-CV, 2019 Tex. App. LEXIS 1774 (Tex. App.—Beaumont Mar. 7, 2019, no pet.) (mem. op.); *In re Commitment of Rubio*, No. 09-17-00343-CV, 2017 Tex. App. LEXIS 9146 (Tex. App.—Beaumont Sept. 28, 2017, no pet.) (mem. op.).

Merits Ruling and the Standard of Review

A civilly committed person may appeal an order denying habeas relief on the merits of the application for a writ of habeas corpus. *See In re Commitment of Richards*, 202 S.W.3d 779, 788 (Tex. App.—Beaumont 2006, pet. denied). Yet the appellate record before us in this appeal shows the trial court neither issued the writ of habeas corpus nor held an evidentiary hearing on Rubio's application for habeas relief. Still, the trial court's order recites that Rubio's application is denied on all grounds and states the trial court reviewed all documents that it received from both parties as relate to Rubio's application. Given the recitals in the trial court's order, we conclude the trial court ruled on the merits of Rubio's petition. *See id.*

In general, absent statutory direction to the contrary, post-judgment habeas relief is available only to address jurisdictional defects and violations of constitutional and fundamental rights that would qualify as an absolute right or prohibition. *Ex parte Johnson*, 541 S.W.3d 827, 829 (Tex. Crim. App. 2017). The writ of habeas corpus is an extraordinary remedy that is available only when there is no other adequate remedy at law. *Ex parte Carter*, 521 S.W.3d 344, 347-48 (Tex. Crim. App. 2017). "Even a constitutional claim is forfeited if the applicant had the opportunity to raise the issue on appeal." *Ex parte Townsend*, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004). A habeas application must allege facts that show both a

cognizable irregularity and harm. *Ex parte Tovar*, 901 S.W.2d 484, 485-86 (Tex. Crim. App. 1995).

In a writ application proceeding, the habeas applicant bears the burden of proving his allegations. *Richards*, 202 S.W.3d at 791. Generally, a cognizable constitutional challenge must be asserted in the trial court to be raised on appeal. This requirement allows a trial court the opportunity to rule on an issue. *See id.* at 793. We apply an abuse of discretion standard to the trial court's denial of habeas relief. *Id.* at 791.

Analysis

In issue one, Rubio argues the trial court lacked personal jurisdiction over Rubio and subject matter jurisdiction over the case because the State used a criminal conviction in an indictment to which Rubio had pleaded nolo contendere to establish Rubio's status as a repeat offender. He argues Article 27.02(5) of the Texas Code of Criminal Procedure prohibits use of the conviction in a civil commitment proceeding. *See* Tex. Code Crim. Proc. Ann. art. 27.02(5).

Article 27.02(5) of the Texas Code of Criminal Procedure does not apply to SVP cases. *In re Commitment of Eddington*, No. 10-22-00360-CV, 2023 WL 3230900, at *2 (Tex. App.—Waco May 3, 2023, no pet. h.) (mem. op.). Importantly, for purposes of an appeal from the denial of habeas relief, Article 27.02(5) creates an evidentiary standard that does not implicate the trial court's subject matter

5

jurisdiction. *See* Tex. Code Crim. Proc. Ann. art. 27.02(5). Whether a court has subject matter jurisdiction is a question of law. *Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). The State invoked the trial court's subject matter jurisdiction by filing of a petition alleging predator status under section 841.041(a) of the Health and Safety Code as it existed in April 2011. *See* Act of May 30, 1999, 76th Leg., R.S., ch. 1188, § 4.01, 1999 Tex. Gen. Laws 4122, 4146 (amended 2003, 2015, 2021). We conclude that Rubio's general appearance in the trial court waived any complaint he otherwise might have had regarding the trial court's exercise of personal jurisdiction. *See* Tex. R. Civ. P. 120, 124.

In issue two, Rubio claims the SVP statute violates constitutional due process and equal protection because only men are committed under the SVP statute. *See generally* Tex. Health & Safety Code Ann. §§ 841.001-.153 ("the SVP statute"). Generally, a complaint regarding the constitutionality of a statute is subject to the ordinary rules of procedural default. *See In re Commitment of Clemons*, No. 09-15-00488-CV, 2016 WL 7323298, at *7 (Tex. App.—Beaumont Dec. 15, 2016, pet. denied) (mem. op.). Due process and equal protection challenges must be asserted at trial. *See Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex. 1993). Rubio has not shown that his equal protection claim concerns an absolute right or prohibition that may be raised for the first time in a habeas proceeding. Assuming for the sake of argument that Rubio did not forfeit his equal protection claim by failing to raise it in

his original civil commitment trial, the habeas application and record failed to supply a factual basis for the claim. The SVP statute lacks gender-exclusive language and the habeas record lacks evidence that the Texas Civil Commitment Office categorically excludes women from its treatment program.

In issues three through ten and eighteen, Rubio presents complaints regarding evidentiary matters and trial errors from his civil commitment trial. Rubio neither challenged the constitutional effectiveness of his trial counsel in his application for a writ of habeas corpus, nor did he include a reporter's record of the trial in the materials he presented with his application for a writ of habeas corpus. Nonetheless, on appeal from the denial of his application Rubio complains that the trial court in his original commitment proceeding: (1) failed to grant a pre-trial motion to quash asserting a violation of the Thirteenth Amendment; (2) denied a motion for continuance; (3) failed to admonish Rubio on a plea of nolo contendere; (4) made erroneous evidentiary rulings; (5) allowed improper cross-examination; (6) allowed the State to show the jury mug shots of Rubio; (7) rendered judgment on factually insufficient evidence; (8) made confusing statements during jury selection; and (9) submitted a defective charge to the jury. Claims that could have brought in a direct appeal are not cognizable in habeas. *Ex parte Cruzata*, 220 S.W.3d 518, 520 (Tex. Crim. App. 2007). Issues three through ten and eighteen present no cognizable issues for habeas review.

In issues eleven, twelve, thirteen, fifteen, sixteen, and twenty-one, Rubio asserts constitutional challenges to the SVP statute. Rubio complains (1) civil commitment is punitive in nature; (2) the SVP statute violates separation of powers and is void for vagueness; (3) the multidisciplinary team that screens offenders for civil commitment meets in violation of the Open Meetings Act; (4) the SVP statute permits the State to relitigate matters determined in a prior criminal proceeding in violation of the doctrine of collateral estoppel; (5) the SVP statute violates procedural due process by failing to provide for counsel during the screening process; and (6) the SVP statute unconstitutionally permits the State to civilly commit a person upon whom it has imposed sex offender registration requirements. The Supreme Court of Texas held the SVP statute is civil rather than criminal in nature long before the State petitioned to civilly commit Rubio. *See In re Commitment of Fisher*, 164 S.W.3d 637, 653 (Tex. 2005). Because each of these constitutional challenges could have been brought in the original civil commitment proceeding, they are not cognizable in a post-judgment habeas proceeding. *See Ex parte Townsend*, 137 S.W.3d at 81.

In issue fourteen, Rubio challenges on equal protection grounds the provision in the SVP statute authorizing a trial court to deny, without a hearing, an unauthorized petition for release if the petition is frivolous or, if the petitioner previously filed an unauthorized petition for release and the judge determined on

review, or following a hearing, that the petitioner's behavioral abnormality had not changed to the extent that the petitioner is no longer likely to engage in a predatory act of sexual violence. *See* Tex. Health & Safety Code Ann. § 841.123(c), (d). No factual basis for this claim appears in Rubio's habeas petition. He does not allege that he filed an unauthorized petition for release. At any rate, mandamus, not habeas, is the appropriate procedural vehicle to challenge the denial of a hearing on an unauthorized petition for release from civil commitment. *See In re Commitment of Renshaw*, No. 22-1076, 2023 WL 4535078, at *1 (Tex. July 14, 2023) (not yet reported).

In issue seventeen, Rubio argues the SVP statute is unconstitutionally punitive because it allows the State to confine a person who has been committed to outpatient treatment without providing adequate sex offender treatment to that person. In his habeas application, Rubio alleged, "Very little treatment takes place, 2-3 hours per week. How can 2-3 hours treatment be said to serve the state's purpose of treating rather than punishing civil committed persons in Texas?"

That said, Rubio's petition doesn't allege how much treatment he personally receives, and it fails to identify any standards for constitutionally adequate sex offender treatment. In narrow circumstances, a person's constitutionally protected liberty interest in avoiding physical restraint may be overridden by statutes that provide for civil detainment of persons who are unable to control their behavior and

9

who thereby pose a danger to the public health and safety. *Kansas v. Hendricks*, 521 U.S. 346, 357 (1997). Involuntary commitment statutes have been upheld when the confinement is governed by appropriate procedures and evidentiary standards. *Id*. (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). Thus, the mere fact that a state's civil commitment program includes restraining a person's liberty interest does not render the program punitive. *Id*. at 363.

Simply put, detention for the purpose of protecting the public from a person who is unable to control his dangerousness, even without treatment, does not necessarily transform a civil commitment proceeding into a criminal prosecution. *Id*. at 364-65. We conclude the trial court did not abuse its discretion by denying habeas relief on Rubio's claim that the Texas SVP statute is unconstitutionally punitive, as Rubio's petition fails to state a factual basis that supports his claim.

In issue nineteen, Rubio claims he does not possess a behavioral abnormality which meets the standard for civil commitment. The writ of habeas corpus is an extraordinary remedy that is available only when the applicant has no other adequate remedy at law. *Carter*, 521 S.W.3d at 347-48. Under the Texas civil commitment statute, Rubio may file an unauthorized petition for release. *See* Tex. Health & Safety Code Ann. § 841.122. Thus, since an avenue of relief from a civil commitment order is available to those who are the subject of sexually violent civil commitment orders if they establish they are no longer likely to engage in a predatory act of sexual

10

violence, habeas does not offer an alternative avenue of relief. Therefore, Rubio's claim alleging he no longer has a behavior abnormality was not a cognizable issue for habeas review, so the trial court did not abuse its discretion by denying relief on this ground.

In issue twenty, Rubio contends that if he suffers from a behavioral abnormality he should be currently in treatment. When he filed the habeas application, Rubio was incarcerated in the Texas Department of Criminal Justice. While the appeal has been before this Court, Rubio completed his sentence and is now housed in a Texas Civil Commitment Office facility. This issue is moot.

In issue twenty-two, Rubio contends the final judgment and order of civil commitment are void because the judgment referenced section 841.003, which defines "sexually violent predator", and fails to reference the statute requires that a judge or jury determine whether, beyond a reasonable doubt, the person is a sexually violent predator. *Compare* Tex. Health & Safety Code Ann § 841.003, *with* § 841.062. A judgment is void only when the court rendering judgment had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court. *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985). All errors other than jurisdictional deficiencies render the judgment merely voidable. *Id*. If the court had the authority to adjudicate a case, and the court had jurisdiction over the parties and the subject matter, and the court did

not act outside its capacity as a court, the judgment is not void. *Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex. 2003). The final judgment in the record recites that the jury unanimously found that Rubio is a sexually violent predator as defined in section 841.003 and ordered that he is civilly committed to outpatient treatment. Rubio failed to allege any facts that, if true, would prove that the judgment is void. The trial court did not abuse its discretion by denying habeas relief on this ground.

In issue twenty-three, Rubio argues the 2011 order of civil commitment is no longer in effect, ostensibly because it was extinguished by his subsequent criminal conviction. Rubio claims that in 2013, the violation of his civil commitment order was considered in determining his sentence for an offense that resulted in a ten-year prison sentence. *See* Tex. Penal Code Ann. § 12.45 (Admission of Unadjudicated Offense). Assuming the stated facts are true, Rubio could not be criminally prosecuted for the offenses that the trial court took into account in sentencing. But, the civil commitment judgment is not an unadjudicated offense under section 12.45, so the civil commitment judgment and order of commitment remained in force. The trial court did not abuse its discretion by denying habeas relief on this ground.

We overrule the issues presented in the appeal and we affirm the trial court's order denying the application for a writ of habeas corpus.

AFFIRMED.

_____
JAY WRIGHT
Justice

Submitted on December 6, 2022
Opinion Delivered July 27, 2023

Before Golemon, C.J., Horton and Wright, JJ.