

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00319-CV

———————————————

OLAMIDE BELLO, Appellant

V.

QUICK BRIDGE FUNDING, LLC, Appellee

On Appeal from County Court at Law No. 2
Tarrant County, Texas
Trial Court No. 2024-001366-2

Before Birdwell, Bassel, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Appellee Quick Bridge Funding, LLC domesticated a California judgment against Appellant Olamide Bello and then obtained a postjudgment order appointing a receiver to take possession of Bello's nonexempt assets to satisfy the judgment. Bello, pro se, appeals from the trial court's receivership order. On appeal, Bello has not raised any issue or argument that Quick Bridge did not show its entitlement to a postjudgment receiver. Instead, his arguments focus on the merits of the California judgment and challenge the trial court's jurisdiction. Because he cannot challenge the merits of the underlying judgment and his other arguments are not supported by the record, we will affirm.

## Background

On February 12, 2024, Quick Bridge filed with the Tarrant County clerk a California default clerk's judgment. *See* Cal. Civ. Proc. Code § 585(a); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 35.003. The California judgment had been rendered against Bello, but a corporate defendant, Ajide Technology Corporation, had also been named in the suit. Bello did not file a motion to vacate the domestication of the California judgment and did not appeal. *Cf.* Tex. Civ. Prac. & Rem. Code Ann. § 35.003(c).

Several days after filing the judgment with the Tarrant County clerk, Quick Bridge filed a "Motion for Receivership and, Alternatively to Compel Discovery," seeking to recover on its judgment against Bello. *See id.* § 31.002(a), (b)(3) (providing

2

that a judgment creditor "is entitled to aid from a court" to reach the judgment debtor's nonexempt property to obtain satisfaction of the judgment and that a court may, among other aid, "appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment").

The matter was set for a hearing on April 12. On March 13, 2024, Bello filed a notice that he was incarcerated and thus would not be available to attend the hearing. The hearing on Quick Bridge's motion for receivership was then reset for a Zoom hearing on June 7. On that day, the trial court signed an order appointing a receiver.

Bello subsequently filed three motions. First, Bello filed a motion to dismiss, citing federal procedural rules and alleging lack of service of process and lack of personal jurisdiction. He provided no further details and did not specify whether he was challenging the jurisdiction of the Tarrant County court or the California court.

Bello then filed a "motion to vacate receivership" in which he argued that the trial court did not have personal jurisdiction over him because the service of process on him had not been procedurally proper and there was no statutory basis for the court to exercise personal jurisdiction over him. Although unclear, his argument appeared to be directed at the jurisdiction of the California court rather than the Tarrant County court. However, Bello did not provide further argument or details and did not attach any evidence.

Regarding the receivership, Bello also argued that the Tarrant County court had failed to make findings under the factors governing the appointment of a receiver as set forth in *Netsphere, Inc. v. Baron*, 703 F.3d 296, 305 (5th Cir. 2012). *Netsphere* involved a receivership under federal law to control a vexatious litigant, not a Texas postjudgment receivership. Bello's motion did not address the requirements for a postjudgment receivership under Texas law. The trial court did not rule on this motion.

Finally, Bello filed a "Motion to Dismiss/Vacate" arguing that service of process on him regarding the receivership motion had been procedurally defective because the Tarrant County court lacked jurisdiction to issue a bench warrant to the federal authorities holding him[1] to compel his presence at the Zoom hearing on the motion. He also asserted in one sentence that he did not have non-exempt property. The trial court did not rule on any of Bello's three motions.

## Discussion

On appeal, Bello's brief does not argue that Quick Bridge did not establish its entitlement to a postjudgment receivership.[2] Instead, he primarily attacks the

---

[1]Bello was apparently being held on federal charges in a Texas county jail.

[2]Bello's notice of appeal included arguments that he did not include in his appellant's brief, including an argument that Quick Bridge had not met its burden to show the necessity of a receivership. However, his argument was one of the same arguments that he had raised in his motion to vacate—that Quick Bridge had not satisfied requirements discussed in *Netsphere* for establishing a receivership under federal procedural rules. Bello did not incorporate this argument into his appellant's

4

enforceability of the California judgment. For the reasons below, Bello's challenges fail.

## I. Domestication of a Foreign Judgment in Texas

"Under the United States Constitution, each state must give a final judgment of a sister state the same force and effect the judgment would be entitled to in the state in which it was rendered." *Ward v. Hawkins*, 418 S.W.3d 815, 821 (Tex. App.—Dallas 2013, no pet.). Enforcement in Texas of another state's judgment is governed by the Uniform Enforcement of Foreign Judgments Act, outlined in Chapter 35 of the Civil Practice and Remedies Code. Under that Act, "[a] copy of a foreign judgment authenticated in accordance with an act of congress or a statute of this state may be filed in the office of the clerk of any court of competent jurisdiction of this state." Tex. Civ. Prac. & Rem. Code Ann. § 35.003(a). If a judgment creditor complies with the procedures in the Act, then "[t]he clerk shall treat the foreign judgment in the same manner as a judgment of the court in which the foreign judgment is filed," and the "filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying a judgment as a judgment of the court in which it is filed." *Id.* § 35.003(b), (c).

When a judgment creditor files an authenticated copy of a foreign judgment under the Act, the filing instantly creates a Texas judgment that is enforceable, and the

brief and, even if he had, did not address the requirements for a postjudgment receivership under Texas law.

burden shifts to the judgment debtor to establish why the judgment should not be given full faith and credit. *Clamon v. DeLong*, 477 S.W.3d 823, 825–26 (Tex. App.—Fort Worth 2015, no pet.). The judgment debtor may meet this burden by showing, for example, that the foreign judgment is not a final judgment, *Minuteman Press Int'l, Inc. v. Sparks*, 782 S.W.2d 339, 342 (Tex. App.—Fort Worth 1989, no writ), or that the court that rendered the foreign judgment had no personal or subject matter jurisdiction, *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985). However, the judgment debtor may not collaterally attack the judgment by raising a defense that goes to the merits of the original judgment. *Ward*, 418 S.W.3d at 822.

## II. Bello's Arguments

Bello asserts the following issues on appeal:

1. Whether the trial court's judgment is void for lack of subject matter jurisdiction of the court that issued the judgment;

2. Whether the fiduciary shield doctrine prohibited the trial court from exercising personal jurisdiction over an individual whose only actions in the forum state were taken in the individual capacity as a corporation representative;

3. Whether the liability shield doctrine under Texas Business Organizations Code Section 21.223(a)(2) shields an individual in their fiduciary rule and status from any contractual obligation of the corporation or any matter relating to or arising from the obligation on the basis that such individual is the holder, beneficial owner, subscriber, or affiliate, or is or was the alter ego of the corporation, or on the basis of actual or constructive fraud, a sham to perpetuate a fraud, or other similar theory;

4. Whether the trial court is prohibited from exercising personal jurisdiction over a corporate officer without proper service of process;

5. Whether the trial court is prohibited from exercising subject matter jurisdiction over a controversy against an individual in an official capacity as a representative of a corporation based on fiduciary duty and status without primary violation by the corporation; and

6. Whether the trial court judge is prohibited to sit by designation to decide a trial court order, judgment, and action in the absence of subject matter jurisdiction.

In the arguments section of his brief, Bello argues his issues together.

## A. Jurisdictional Challenges

### 1. Subject Matter Jurisdiction

Bello argues that the trial court "erred by improperly exercis[ing] subject matter jurisdiction over the diversity jurisdiction controversy in the underlying civil case because [Quick Bridge] failed to levy [its] claim against the corporation [that] allegedly [breached] the contract." This appears to be a challenge to the California court's subject matter jurisdiction. Bello cites no authority for the proposition that a California state court needs "diversity jurisdiction" to exercise its authority over a case. *See* Tex. R. App. P. 38.1(i). Other than his vague reference to "diversity jurisdiction," Bello does not tell us why the California court had no subject matter jurisdiction in the underlying suit, he directs us to nothing in the record indicating that the California court had no subject matter jurisdiction, and we have found nothing in the record to support the argument.

Bello cites *Grace v. Bank Leumi Trust Co. of New York*, 443 F.3d 180 (2d Cir. 2006), and Federal Rule of Civil Procedure 60(b)(4) to support his argument, but

7

these citations do not clarify his argument. Rule 60(b)(4) provides that a court "may relieve a party . . . from a final judgment" if the judgment is void, *see* Fed. R. Civ. P. 60(b)(4), but does not shed any light on why Bello believes the California judgment was void. Likewise, *Grace* involved a judgment's being declared void for reasons that have no obvious application here, and Bello does not explain how the case applies. *See* 443 F.3d at 191–93 (discussing, among other matters, that a corporation cannot appear pro se in court, and noting that the court in that case had wrongly allowed a corporation acting through an individual who was not a lawyer to execute a stipulation of settlement while appearing pro se). We have no record from the underlying proceeding, and the face of the California judgment does not show that the California court lacked subject matter jurisdiction. Nothing in the record supports Bello's argument that the California court lacked jurisdiction. *See Remote Control Hobbies, L.L.C. v. Airborne Freight Corp.*, No. 14-12-01088-CV, 2014 WL 1267073, at *2 (Tex. App.—Houston [14th Dist.] Mar. 27, 2014, no pet.) (mem. op.) (noting that party appealing turnover order had burden to present appellate court with record demonstrating that underlying default judgment was void).

### 2. Personal Jurisdiction

Bello also argues that the California court did not have personal jurisdiction over him. He asserts that "[a]n individual status in a diversity jurisdiction controversy . . . as an officer of a corporation, is insufficient to establish the minimum contacts required to subject the individual to personal jurisdiction in a foreign forum"

8

and that "jurisdiction over the individual officers of a corporation may not be based on jurisdiction over the corporation." *See Ward*, 418 S.W.3d at 822 (noting that a defendant "may assert that the sister state's exercise of jurisdiction offends due process because the defendant does not have minimum contacts with the sister state"). He appears to argue that while the corporate defendant may have had sufficient contacts with California for that state to exercise jurisdiction over the corporation, he did not. However, Bello did not raise this complaint in the Tarrant County court while that court had plenary power to decide whether the California judgment was entitled to full faith and credit, and he did not produce any evidence to support his argument. *See Browning*, 698 S.W.2d at 363; *see Cannon v. Cannon*, No. 02-21-00404-CV, 2023 WL 1859881, at *3 (Tex. App.—Fort Worth Feb. 9, 2023, no pet.) (mem. op.) (noting that after a trial court's plenary power has expired, the trial court cannot set aside its judgment except by bill of review). Further, as stated above, we do not have the record from the California proceeding, and nothing on the face of the California judgment indicates that Bello did not have sufficient contacts with California for that state to exercise jurisdiction over him. Nothing in the record reveals the jurisdictional defect of which he complains. *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 273 (Tex. 2012) (considering record in collateral attack on judgment to determine whether record affirmatively demonstrated a jurisdictional defect).

Bello also argues that the trial court was prohibited from exercising personal jurisdiction over him as a corporate officer "without proper service of process." It is

9

not entirely clear whether his complaint about the lack of proper service is regarding the suit against him in California or the motion for appointment of a receiver, but the context suggests that he refers to the California suit. In his summary of his argument, he argues that the trial court erred by improperly exercising personal jurisdiction over him based "on the ground of an individual whose only actions in the forum state were taken in the individual capacity as a corporate representative." "The forum" to which he refers appears to be California, given that the record indicates that he is a Texas resident. He also argues that Quick Bridge could not "levy a claim" against him as an owner of a company "without first piercing the corporate veil[,] which may require[ ] proper service of process" and that "when defendants are separate entities and were presumptively entitled to have independent existence," the plaintiff must establish a basis to subject each defendant to the court's jurisdiction. He then states that the agreement involved "in the underlying civil case" was between Quick Bridge and Ajide Technology Corporation and that he did not owe Quick Bridge anything under the agreement. Thus, he appears to argue that he was not properly served as an individual defendant in the California suit. *See Crown Bay Mgmt., LLC v. Surface Works, Inc.*, No. 02-21-00025-CV, 2022 WL 247569, at \*2 (Tex. App.—Fort Worth Jan. 27, 2022, no pet.) (mem. op.) (noting that if a personal jurisdiction defect implicates due process, such as lack of proper service of process, the judgment will be void and cannot be used to support a postjudgment writ of garnishment, but if the defect does not implicate due process, the underlying judgment is not subject to collateral attack).

10

However, the California judgment states that Bello was "properly served with a copy of the summons and complaint." No other part of the record affirmatively demonstrates a lack of jurisdiction. *See PNS Stores*, 379 S.W.3d at 273. We overrule the part of his issues complaining that the receivership order should be set aside because the California court did not have personal jurisdiction over him.

To the extent that Bello argues that he was not properly served with notice of the receivership motion, his complaint does not show reversible error. A judgment creditor is entitled to aid from a court to obtain satisfaction of a judgment, and that aid may include the appointment of a receiver with the authority to take possession of the judgment debtor's nonexempt property, sell it, and pay the proceeds to the judgment creditor to satisfy the judgment. Tex. Civ. Prac. & Rem. Code Ann. § 31.002. Under Section 31.002, notice and a hearing are not required. *Main Place Custom Homes, Inc. v. Honaker*, 192 S.W.3d 604, 628 (Tex. App.—Fort Worth 2006, pet. denied); *see also Williams Farms Produce Sales, Inc. v. R & G Produce Co.*, 443 S.W.3d 250, 256 (Tex. App.—Corpus Christi–Edinburg 2014, no pet.); *Sivley v. Sivley*, 972 S.W.2d 850, 860 (Tex. App.—Tyler 1998, no pet.); *Thomas v. Thomas*, 917 S.W.2d 425, 433 (Tex. App.—Waco 1996, no writ); *Plaza Court, Ltd. v. West*, 879 S.W.2d 271, 276 (Tex. App.—Houston [14th Dist.] 1994, no writ). Thus, even if Bello was not given notice of the receivership motion, we would not be required to set aside the receivership order. We overrule the parts of Bello's issues raising jurisdictional challenges.

11

**B. Challenges to the Merits of the Foreign Judgment**

Most of Bello's arguments are based on his assertion that, as an owner or officer of a corporation, he was not liable on a contract executed by the corporation. He also argues that Quick Bridge failed to join an indispensable party (he does not say who), failed to "state a primary offense," and failed to state a claim.

However, these arguments go to the merits of the underlying dispute in California. *See, e.g.*, *Sneddeker v. Vita 10 IV Therapy, LLC*, No. 02-24-00316-CV, 2025 WL 1141878, at *9 n.3 (Tex. App.—Fort Worth Apr. 17, 2025, no pet. h.) (mem. op.) (noting that lack of contractual privity may affect capacity, but it does not affect the court's jurisdiction). These arguments would not have provided a successful defense, had Bello timely made them after Quick Bridge filed its California judgment with the Tarrant County court. *See Ward*, 418 S.W.3d at 822 (noting that in responding to authenticated foreign judgment filed under the Act, judgment debtor cannot raise a defense attacking the merits of the underlying judgment).

Further, even if Bello could have raised these arguments in the Tarrant County court, he did not make those complaints (or seek a ruling on them) until after the court had lost plenary power to declare that the California judgment was not entitled to full force and effect. *See BancorpSouth Bank v. Prevot*, 256 S.W.3d 719, 724 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (op. on reh'g) (noting that trial court's plenary power regarding foreign judgment filed under the Act expired thirty days later because no party filed a post-judgment motion attacking the judgment); *Browning*,

698 S.W.2d at 363 ("When time for direct attack by appeal has elapsed, a bill of review in the court rendering the initial judgment is the exclusive remedy to attack the judgment."). And because these arguments, even if true, would not establish that the California judgment was void, these arguments would not entitle Bello to have the trial court's receivership set aside. *Cf. Crown Bay Mgmt.*, 2022 WL 247569, at *3 (stating that to have postjudgment garnishment order set aside, judgment debtor had to establish that judgment was void). We overrule the remainder of Bello's issues, which are based on challenges to the merits of the underlying judgment.

## Conclusion

Having overruled Bello's issues, we affirm the trial court's receivership order.


/s/ Mike Wallach
Mike Wallach
Justice

Delivered:  May 29, 2025

13